Letha BUNCH, Plaintiff,

v.

LONG JOHN SILVERS, INC., a foreign corporation and Jerrico, Inc., jointly and severally, Defendants.

Civ. A. No. 93–74965.

United States District Court,
E.D. Michigan,
Southern Division.

March 6, 1995.

Robin A. Miller, Gursten, Wigod, Kohonow & Falzon, P.C., Southfield, MI, for plaintiff Letha Bunch.

Lisa T. Milton, Harvey, Kruse, Westen & Milan, P.C., Troy, MI, for defendant Jerrico, Inc.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff Letha Bunch seeks recovery of damages from defendants based upon a slip and fall accident that occurred in the parking lot of defendant Long John Silvers, Inc. ("Long John Silvers"). Long John Silvers contends that plaintiff has failed to establish a *prima facie* case of liability. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court has dispensed with oral argument and will decide the motions on the briefs submitted by the parties. For the reasons discussed below, the court will grant defendants' motion.

### I. Facts

On November 2, 1990, between 4:00 p.m. and 5:00 p.m., plaintiff was walking through the parking lot of defendant Long John Sil-

vers Restaurant in Lincoln Park, Michigan. Plaintiff noticed "a bunch of these little red stones or bricks or what do you call them to decorate." Bunch dep. at 19. Plaintiff tripped on one of the stones, which was about the size of a quarter. Plaintiff noticed these stones before she fell. When she went to Long John Silvers on previous occasions, plaintiff had observed children throwing the red decorative stones about the parking lot. Plaintiff admits that she does not know how long the stone which caused her to trip was in Long John Silver's parking lot.[1]

Plaintiff filed this action in Wayne County Circuit Court. Defendant Long John Silvers removed the action to this court on the basis of diversity jurisdiction. Before the court is defendant Long John Silvers' motion for summary judgment.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence

---

1. Plaintiff's complaint and defendant's motion for summary judgment both state that the date of the accident was November 11, 1990. However, in plaintiff's response to defendant's motion for summary judgment, plaintiff alleges that the date of the accident was November 2, 1990. Despite the change in date, plaintiff's admission that she saw the stones before she fell and her inability to provide the court with any evidence to establish a *prima facie* case of liability against defendant Long John Silvers remain the same. Therefore, the different date does not alter the court's analysis.

that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

■ Plaintiff claims that Long John Silvers owed her a duty to protect her from injury. Under Michigan law, a property owner is not an insurer of the safety of invitees. *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 500, 418 N.W.2d 381 (1988). In order to establish a *prima facie* case of negligence, plaintiff must show the following:

1. Defendant owed a legal duty to plaintiff;

2. Defendant breached or violated the legally duty owed to plaintiff

3. Plaintiff suffered damages; and

4. Defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff.

*Riddle v. McLouth Steel Products*, 440 Mich. 85, 96 n. 10, 485 N.W.2d 676 (1992). Long John Silvers argues that it had no legal duty to protect plaintiff because the stones were an open and obvious danger and in fact plaintiff saw the stones before tripping. Long John Silvers also argues that there is no evidence that it had any actual or constructive notice of the dangerous condition.

### A. Legal Duty

■ Long John Silvers argues that it had no legal duty to protect plaintiff because the stones were open and obvious and she saw them before she fell. The threshold issue of duty of care in a negligence action must be decided by the trial court as a matter of law. *Riddle*, at 95, 485 N.W.2d 676. In *Riddle*, the Michigan Supreme Court stated that "where dangers are *known* to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to pro-

tect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Riddle*, 440 Mich. at 96, 485 N.W.2d 676. Plaintiff argues that the stones were not "open and obvious" and that plaintiff was aware of the stones only because she had seen children throwing the stones previously. However, *Riddle* does not address only "open and obvious" dangers. Rather, *Riddle* addresses "known" or "obvious" dangers. In this case, plaintiff admits she saw the stones before she fell.

■ The court must next address whether Long John Silvers should have been able to anticipate the harm to plaintiff despite the fact that plaintiff saw the stones. In *Riddle*, the court cited 2 *Restatement Torts* 2d, § 343A, comments e and f, pp 219–220 to offer assistance in determining the scope of a premises owner's duty to invitees where known or obvious conditions are present. *Id.* at 97 n. 11, 485 N.W.2d 676. 2 *Restatement Torts* 2d, § 343A, comment e, pp. 219–220, states that an invitee is entitled to nothing more than knowledge of the conditions which enable him to make an intelligent choice as to whether the advantage of entering the land is sufficient to justify the risk. The comment further states that the possessor may assume that the invitee will protect himself or voluntarily assume the risk of harm and therefore no precautions or warnings are necessary against dangers which are known to the invitee. 2 *Restatement Torts* 2d, § 343A, comment f, pp. 219–220 states that the owner is not relieved of the duty of reasonable care despite the known and obvious nature of the condition "if the possessor has reason to expect that the invitee will nevertheless suffer physical harm." Plaintiff has provided no evidence that Long John Silvers had reason to expect that she would trip over the stones despite having seen the stones.

### B. *Prima Facie* Case of Negligence

■ The court finds that plaintiff has also failed to establish a *prima facie* case of negligence. A store owner is liable for injury resulting from an unsafe condition if (1) that condition was caused by the active negli-

gence of the storekeeper or its employees, or (2) the condition is of such a nature or has existed for such a time, that the storeowner or a store employee knew or should have known that the unsafe condition existed. *Whitmore v. Sears, Roebuck & Co.*, 89 Mich. App. 3, 8, 279 N.W.2d 318 (1979) (citing *Carpenter v. Herpolsheimer's Co.*, 278 Mich. 697, 698, 271 N.W. 575 (1937)). "Where there is no evidence to show that the condition existed for *a considerable time,* [ ] a directed verdict in favor of the storekeeper is proper." *Id.* (emphasis added). Michigan courts have further held that "[w]here there is no evidence from which defendant's negligence may be inferred, the trial court is justified in directing a verdict of no cause of action." *Id.,* 89 Mich.App. at 7, 279 N.W.2d 318. Plaintiff cannot rely on the fact that an accident occurred to recover damages from the property owner. *Dose v. Equitable Life Assur. Soc.,* 864 F.Supp. 682 (E.D.Mich. 1994).

 The only evidence provided by plaintiff that Long John Silvers should have known about the stones being in the parking lot was her testimony that children may have thrown the stones onto Long John Silvers' parking lot. Conjecture, however, is insufficient to establish a *prima facie* case of negligence. *Whitmore v. Sears, Roebuck & Co.,* 89 Mich.App. 3, 9, 279 N.W.2d 318 (1979). In fact, plaintiff admitted that she was just speculating about how the stones were put in the parking lot. Bunch dep. at 24. Plaintiff admitted that Long John Silvers is "pretty good about keeping that parking lot clean." Bunch dep. at 24. Plaintiff also admitted that she did not know how long the stones had been in the parking lot and that she had no information that the stones were in the lot as a result of any action taken by an employee of Long John Silvers. Bunch dep. at 25. In *Whitmore v. Sears, Roebuck & Co.,* 89 Mich.App. 3, 279 N.W.2d 318 (1979), the plaintiff alleged that she was injured when she slipped and fell on a fuel spill located in the Sears parking lot. The plaintiff did not provide any evidence indicating how or when the fuel was spilled onto the parking lot surface. The jury returned a verdict in favor of the plaintiff, and defendants' motion for judgment notwithstanding the verdict was denied. Subsequently, the Michigan Court of Appeals reversed and held that in order for the plaintiff to recover from Sears, she had to prove that an employee of Sears caused the spill, that Sears knew it existed, or that Sears should have known that the unsafe condition was present. *Id.* at 7–9. In the instant action, there is absolutely no evidence that employees of Long John Silvers caused the stones to be in the lot, that an employee knew the stones were in the lot, or that the condition existed for a sufficient length of time that an employee should have discovered it.

Plaintiff argues that she has not provided the court with evidence that Long John Silvers should have known about the stones in the parking lot because discovery had not yet closed and interviews of Long John Silvers' employees were scheduled for the last date of discovery. However, plaintiff's brief in response to defendants' motion for summary judgment was filed eight days after the close of discovery. Plaintiff's response was untimely, having been filed over a month after the required date. The court accepted plaintiff's response in the interests of justice. However, upon accepting this untimely brief, filed eight days after the close of discovery, the court rejects plaintiff's argument that she cannot provide any evidence because discovery has not yet closed.

### ORDER

Therefore, it is hereby **ORDERED** that defendant Long John Silvers' motion for summary judgment is **GRANTED.**

**SO ORDERED.**

### JUDGMENT

This action came before the court, Honorable Paul V. Gadola, District Judge, presiding, and the issues having been duly reviewed and a decision having been duly rendered,

It is **ORDERED** and **ADJUDGED** that plaintiff take nothing on plaintiff's complaint against defendant Long John Silvers, Inc. and that the action against Long John Silvers, Inc. be dismissed on the merits.

It is further **ORDERED** that the clerk serve a copy of this judgment by United States mail on the counsel for plaintiff and on counsel for defendant.