549 N.W.2d 539 (1996)
Roberta PHILLIPS, Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY, Malan Construction Company, and Malan Management Company, jointly and severally, Defendants-Appellees.
No. 103810, COA No. 165660.
Supreme Court of Michigan.
June 14, 1996.
On order of the Court, the delayed application for leave to appeal is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
LEVIN, Justice, states as follows:
I would grant leave to appeal.

I
Plaintiff fell and hurt her knee in a pothole on defendant's property. Plaintiff walked across the property, a service drive to a shopping mall, every day on her way to a bus stop. It is not disputed that she knew that the pothole was there. According to plaintiff:
Ms. Phillips was walking down the right side of the service drive and was about halfway down, when she heard a car coming behind her.... She continued walking at a normal pace diagonally across to the left side of the service drive to allow the car behind her to pass by her on her right.... As she did so, she saw another car coming up the street....
Continuing to walk, but intent upon making sure that the two cars could safely pass, she stepped into the pothole....
The trial judge granted the defendant summary disposition on the basis of Riddle v. *540 McLouth Steel Products Corp., 440 Mich. 85, 485 N.W.2d 676 (1992). The Court of Appeals affirmed.

II
The plaintiff argues that although a premises owner has no duty to warn of open and obvious dangers, there remains a duty to correct unreasonable dangers that could foreseeably cause harm. Plaintiff relies on the distinction drawn in Glittenberg v. Doughboy Recreational Industries (On Rehearing), 441 Mich. 379, 491 N.W.2d 208 (1992), in which this Court held that a premises owner or manufacturer does not have a duty to warn of the open and obvious dangers of an above-ground pool, but an action may nonetheless lie for negligent design of the pool. She argues, by analogy, that excusing the premises owner from the duty to warn in Riddle leaves the duty to repair intact.
Riddle and Bertrand v. Alan Ford, Inc., 449 Mich. 606, 537 N.W.2d 185 (1995), concern the "duty to warn." A premises owner also has a duty, separate and apart from the duty to warn, to exercise due care in maintaining the premises. Those are separate duties. The "open and obvious doctrine" concerns the duty to warn, and not the duty of maintenance.
The distinction between the duty to warn and the duty of maintenance should be underscored by granting leave to appeal, and remanding for trial.
MALLETT, J., would grant leave to appeal.