**Agnes OSONTOSKI, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC.,**
**Defendant–Appellee.**

No. 97–1292.

United States Court of Appeals,
Sixth Circuit.

Argued April 22, 1998.

Decided May 8, 1998.

Michael J. Golding, Larry A. Smith (argued and briefed), Southfield, MI, for Plaintiff-Appellant.

Jeffrey S. Sherbow (briefed), Orlans, Sherbow & Mitchell, Troy, MI, Dane A. Lupo, Jr. (argued), Lupo & Koczkur, Detroit, MI, for Defendant-Appellee.

Before: RYAN, DAUGHTREY, and LAY,* Circuit Judges.

LAY, Circuit Judge.

This diversity case involves a claim of negligence against Wal–Mart Stores, Inc. (Wal–Mart). In July 1994, 61–year–old Agnes Osontoski entered the Bay City, Michigan Wal–Mart. While walking in a store aisle, Osontoski slipped and fell in a puddle of liquid that had spilled from a bottle. In July 1995, Osontoski sued Wal–Mart in Michigan state court, alleging Wal–Mart failed to maintain safe premises and failed to warn her of and protect her from the danger presented by the spilled liquid.

In October 1995, Wal–Mart removed the action to federal district court. Trial began January 16, 1997. On January 21, 1997, Wal–Mart moved for a directed verdict, arguing that viewing the evidence in the light most favorable to Osontoski, the evidence did not show actionable negligence on the part of Wal–Mart. The district court took the motion under advisement, but later presented the case to the jury. On January 22, 1997, the court declared a mistrial because of a jury deadlock. Wal–Mart then renewed its motion for a directed verdict. On February 13, 1997, the district court issued an order granting Wal–Mart's motion. *Osontoski v. Wal–Mart Stores, Inc.,* No. 95–10346–BC,

slip op. at 18 (E.D.Mich. Feb. 13, 1997). The court held that Wal–Mart, as an invitor, had no duty to protect or warn Osontoski of dangers which are open and obvious, and the spill was open and obvious. The court also held that although Wal–Mart had no duty to warn of the spill, the store acted reasonably in attempting to warn customers away from the spill.[1] Plaintiff appeals.

Under Michigan law, a condition is considered open and obvious if the dangerous characteristics are readily apparent or easily discoverable upon casual inspection by the average person of ordinary intelligence. *See Novotney v. Burger King Corp.,* 198 Mich. App. 470, 499 N.W.2d 379, 381 (1993) (citing *Glittenberg v. Doughboy Recreational Indus.,* 441 Mich. 379, 491 N.W.2d 208, 214–15 (1992)). What is open and obvious can be objectively determined. *See Glittenberg v. Doughboy Recreational Indus., Inc.,* 436 Mich. 673, 462 N.W.2d 348, 358 (1990). In Michigan, although a storekeeper has a duty to maintain reasonably safe aisles, *see Serinto v. Borman Food Stores,* 380 Mich. 637, 158 N.W.2d 485, 486 (1968), an invitor has no duty to protect or to warn an invitee of dangers which are open and obvious. *See Riddle v. McLouth Steel Products Corp.,* 440 Mich. 85, 485 N.W.2d 676, 683 (1992). However, where an invitor has reason to expect that despite the open and obvious nature of the hazard, the invitee will nevertheless suffer physical harm, the invitor may have a duty to warn or to take other reasonable steps to protect the invitee. *See Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 537 N.W.2d 185, 186–87 (1995). An invitor may have reason to expect harm to an invitee from open and obvious dangers where, for example, the invitor has reason to expect that the invitee's attention may be distracted so that the invitee will not discover what is obvious, will forget what he or she has discovered, or will fail to protect himself or herself against it. *See id.* (citing Restatement (Second) of Torts § 343A cmt. f).

---

* The Honorable Donald P. Lay, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The court also rejected Osontoski's claim that Wal–Mart was negligent in hiring the employee who was allegedly guarding the spill. The employee apparently has a degenerative eye condition that causes tunnel vision.

In this case, Osontoski claims the spill in which she fell was neither open nor obvious. Further, she contends, even if the spill was open and obvious, Wal–Mart nonetheless had a duty to warn her of or protect her from the spill, and Wal–Mart breached that duty. Conversely, Wal–Mart contends the spill was open and obvious, and an objectively reasonable person in Osontoski's position would have noticed the spill and presumably avoided it. Further, Wal–Mart urges, although it was under no duty to warn or protect Osontoski, it took reasonable steps to do just that.

As the parties' contentions illustrate, numerous issues of fact remain in this case. First and foremost is the question of whether the spill was open and obvious as Michigan law defines that phrase. Other fact issues include whether the defendant exercised reasonable care and whether the defendant attempted to warn Osontoski of the spill. Given the existence of these fact issues, we conclude that viewing all of the evidence in the light most favorable to Osontoski, reasonable minds could differ as to whether Wal–Mart was negligent. In essence, this is a case for a jury. Therefore, we reverse the district court's order granting Wal–Mart's motion for a directed verdict, and we remand this case for trial.