**William J. MEYERS, Plaintiff,**

v.

**WAL–MART STORES, EAST, INC., Defendant.**

**Civil No. 97–40517.**

United States District Court, E.D. Michigan, Southern Division.

Dec. 11, 1998.

John D. Nickola, Flint, MI, Jeffrey T. Meyers, Chambers, Steiner, Detroit, MI, for Plaintiff.

Dane A. Lupo, Lupo & Koczkur, Jeffrey S. Sherbow, Thomas P. Murray, Jr., Orlans, Sherbow, Troy, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

On October 16, 1998, defendant Wal–Mart Stores, East, Inc. (hereinafter "Wal–Mart") filed a motion for summary judgment. On November 8, 1998, plaintiff William J. Meyers filed his brief in response. No reply brief has been submitted by defendant. The instant action arises out of an incident which occurred on July 8, 1997 at the Sam's Club located in Southgate, Michigan, and owned by defendant Wal–Mart. Plaintiff maintains that he slipped or tripped on a box in an area where cardboard boxes were placed for customers' convenience, which caused him to fall to the floor. Wal–Mart argues that the alleged dangerous condition was open and obvious and not unreasonably dangerous to plaintiff, thus obviating any duty owed to plaintiff. On December 9, 1998, oral argument on the instant motion was heard by this Court.

For the reasons set forth below, the Court will deny defendant's motion for summary judgment.

## I. FACTUAL BACKGROUND

On January 8, 1997, plaintiff William J. Meyers and his wife visited the Sam's Club store located in Southgate, Michigan. Sam's Club is a large warehouse store which sells bulk items, including groceries. Plaintiff and his wife shopped for approximately 45 minutes to one hour. After filling two carts with groceries and other items, they proceeded to the checkout lines. While his wife waited in line, plaintiff went to get a cup of frozen custard. Upon his return, his wife asked plaintiff to go to the box area in order to retrieve a box for their purchases, since the store does not provide its customers with bags.

Plaintiff proceeded to the garage area located near the exit doors. The boxes in the

back of this area were stacked four or five feet high. The boxes in the front were "scattered all over the place" and were in disarray, according to plaintiff. Just before entering the garage area, plaintiff put his custard down. He moved a few boxes with his feet and some with his hands in order to get the box he wanted. Plaintiff then turned around, grabbed his custard in one hand while holding a box in the other hand. At this point, plaintiff began to exit the garage area, whereupon his left foot allegedly tripped on a box and he fell. Plaintiff suffered a fractured hip.

Plaintiff brought the above-entitled action against defendant Wal–Mart, alleging that Wal–Mart had maintained the open box bin area of its premises in a negligent fashion with boxes lying upon the floor in a haphazard, disorganized, and dangerous condition. In his complaint, plaintiff has alleged the following breaches of defendant's duty of care: (1) failure to maintain the open area in a condition so as to eliminate trip hazards from the area; (2) failure to provide customers with shopping bags so as to avoid the necessity of customers entering the open area where boxes are strewn about; and (3) failure to provide bins and/or other holding devices so that boxes might be safely accessed by customers. *See* Complaint ¶ 12.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted). In evaluating a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmovant, as well as draw all reasonable inferences in the nonmovant's favor. *See U.S. v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). This burden "may be discharged by showing ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.Proc. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,*

> [t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## III. ANALYSIS

 In Michigan, it is well-settled that "a premises owner must maintain his or her property in a reasonably safe condition and has a duty to exercise due care to protect invitees from conditions that might result in injury." *Riddle v. McLouth Steel Products,* 440 Mich. 85, 90, 485 N.W.2d 676 (1992).[1] A

---

1. There is no question that plaintiff Meyers was a business invitee, i.e., one who enters a premises

property owner, however, is not an absolute insurer of the safety of invitees. *Williams v. Cunningham Drug Stores, Inc.,* 429 Mich. 495, 500, 418 N.W.2d 381 (1988). In order to establish a prima facie case of negligence, a plaintiff must establish the following four elements: (1) that defendant owed a legal duty to plaintiff; (2) that defendant breached or violated the legal duty owed to plaintiff; (3) that plaintiff suffered damages; and (4) that defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff. *Riddle,* 440 Mich. at 96 n. 10, 485 N.W.2d 676.

■ "The threshold issue of the duty of care in negligence actions must be decided by the trial court as a matter of law." *Id.* at 95, 485 N.W.2d 676 (citing *Antcliff v. State Employees Credit Union,* 414 Mich. 624, 327 N.W.2d 814 (1982)). It is for the court to determine the circumstances that must exist in order for defendant's duty to arise. *Id.* (citing *Smith v. Allendale Mut. Ins. Co.,* 410 Mich. 685, 714–715, 303 N.W.2d 702 (1981)); *see, generally,* Prosser & Keeton, Torts (5th ed.), ch. 5. However, "[o]nce a defendant's legal duty is established, the reasonableness of the defendant's conduct under that standard is generally a question for the jury." *Id.* at 96, 485 N.W.2d 676.

Defendant Wal–Mart argues that it had no legal duty to protect plaintiff because the boxes were an open and obvious danger and plaintiff saw the boxes before tripping. In the *Riddle* decision, upon which defendant heavily relies, the Michigan Supreme Court held that "where dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Riddle,* 440 Mich. at 96, 485 N.W.2d 676. Thus, according to defendant, plaintiff has failed to allege a prima facie case of negligence. As the Restatement of Torts, Second, states, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should

anticipate the harm despite such knowledge or obviousness." *Id.* at 94, 485 N.W.2d 676 (quoting 2 Restatement Torts 2d, § 343A(1)).

■ In response, plaintiff acknowledges that while the "open or obvious danger" doctrine may preclude a failure to warn claim, it does not necessarily preclude a claim premised on defendant's failure to protect invitees from foreseeably dangerous conditions. In the instant case, plaintiff is *not* arguing that defendant failed to warn its customers of the danger, but rather that the company failed to adequately protect them from a hazardous condition. As *Riddle* also made clear, the "open or obvious danger" doctrine is not an absolute. A possessor of land may nevertheless be held liable if the condition was *unreasonably* dangerous despite its obviousness. See *Riddle,* 440 Mich. at 95–96, 485 N.W.2d 676; *see also Phillips v. Travelers Ins. Co.,* 451 Mich. 924, 924–25, 549 N.W.2d 539 (1996); *Hottmann v. Hottmann,* 226 Mich. App. 171, 176, 572 N.W.2d 259 (1997); *Hughes v. PMG Bldg., Inc.,* 227 Mich.App. 1, 11, 574 N.W.2d 691 (1997). Both plaintiff and defendant agree that the Michigan Supreme Court has greatly clarified, in subsequent cases, the duty owed by a landowner to an invitee even where a dangerous condition is open and obvious. *See, e.g., Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 537 N.W.2d 185 (1995).

In *Bertrand,* the court dealt with two factual situations consolidated for appeal. In one, a park visitor sued the county parks and recreation department after she had tripped and fallen on unmarked steps leading to a public restroom. In the other, a business invitee brought suit against an automobile garage after she had tripped and fallen on steps located on the business's premises. The Michigan Supreme Court stated that

[w]here a condition is open and obvious, the scope of the possessor's duty may be limited. While there may be no obligation to warn of a fully obvious condition, the possessor still may have a duty to protect an invitee against foreseeably dangerous conditions. Thus, the open and obvious

to conduct business that concerns the premises owner at owner's express or implied invitation. *Riddle,* 440 Mich. at 90–91 n. 4, 485 N.W.2d 676

(citing Prosser & Keeton, *Torts,* § 61, pp. 419–24 (5th ed.)).

doctrine does not relieve the invitor of his general duty of reasonable care.

*Id.* at 610, 537 N.W.2d 185. The court reaffirmed the *Riddle* court's holding that "where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee *unless [the invitor] should anticipate the harm despite knowledge of it on behalf of the invitee.*" *Id.* at 613, 537 N.W.2d 185.[2]

Another case supporting plaintiff's contention that a defendant may still have a duty to protect invitees from open and obvious dangers is the recent Michigan Court of Appeals decision in *Hughes v. PMG Bldg., Inc.,* 227 Mich.App. 1, 11, 574 N.W.2d 691 (1997). In that case, a roofer brought suit against the owner of a house, and other parties, to recover for injuries suffered after he fell from a porch overhang which collapsed under his weight. *Id.* at 2, 574 N.W.2d 691. The court held that

> [t]here is no absolute obligation to warn of open and obvious dangers.... However, even though there may not be an absolute obligation to provide a warning, this rule does not relieve the invitor from his duty to exercise reasonable care to protect his invitees against known or discoverable dangerous conditions.... The rationale behind this rule is that liability for injuries incurred on defectively maintained premises should rest upon the party who is in control or possession of the premises, and, thus, is best able to prevent the injury. *Riddle v. McLouth Steel Products Corp.,* 440 Mich. 85, 91, 485 N.W.2d 676 (1992).

*Hughes,* 227 Mich.App. at 11, 574 N.W.2d 691 (citations omitted). The *Hughes* court ultimately concluded that "the proofs create a question of fact with respect to whether the danger was 'open and obvious' and whether the risk of harm was unreasonable." *Id.*

■ At the hearing conducted on December 9, 1998, defendant relied upon language from the Sixth Circuit's decision in *Osontoski v. Wal–Mart Stores, Inc.,* 143 F.3d 1027 (6th Cir.1998). However, a full reading of that decision does not support defendant's position. On the contrary, *Osontoski* buttresses plaintiff's argument that even if a condition is "open and obvious," the invitor may still have an obligation to take reasonable steps to protect the invitee from such a condition. *Id.* at 1028. As the appellate court stated,

> [i]n Michigan, although a storekeeper has a duty to maintain reasonably safe aisles, *see Serinto v. Borman Food Stores,* 380 Mich. 637, 158 N.W.2d 485, 486 (1968), an invitor has no duty to protect or to warn an invitee of dangers which are open and obvious. *See Riddle v. McLouth Steel Products Corp.,* 440 Mich. 85, 485 N.W.2d 676, 683 (1992). *However,* where an invitor has reason to expect that despite the open and obvious nature of the hazard, the invitee will nevertheless suffer physical harm, the invitor may have a duty to warn or to take other reasonable steps to protect the invitee. *See Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 537 N.W.2d 185, 186–87 (1995).

*Id.* (emphasis added).

■ It is clear from the case law cited above that application of the "open and obvious" doctrine does not serve to automatically immunize a defendant from liability. The crucial issue thus becomes whether defendant Wal–Mart *should have anticipated* that the dangerous condition which existed in the bin area would cause physical harm to an invitee, notwithstanding the fact that the danger was known or obvious to a reasonable

---

2. Defendant cites this Court's decision in *Bunch v. Long John Silvers,* 878 F.Supp. 1044 (E.D.Mich.1995) (Gadola, J.), for the proposition that what is open and obvious is a question of law, and not for the jury to decide. While this Court did hold that the threshold duty of care in a negligence action is to be decided by the trial court as matter of law, the situation in *Bunch v. Long John Silvers* is distinguishable from the one found in the instant case. In the previous case, plaintiff had tripped on a small red stone located in the restaurant's parking lot. *Id.* at 1044. The decorative red stones had been thrown on the ground by children, and there was no evidence to suggest that defendant had known or should have known about the stones. *Id.* at 1048. Furthermore, plaintiff admitted that defendant was "pretty good about keeping that parking lot clean." *Id.* In contrast, the instant case concerns a dangerous condition which was under the control of defendant Wal–Mart. Evidence has also been presented suggesting that defendant's employees were fully aware of the potential dangers to be found in the bin area.

person of average intelligence. The Restatement of Torts, Second, provides illustrative examples of situations in which a property owner would have reason to expect harm to a visitor from even known or obvious dangers:

where the possessor has reason to expect that (1) the invitee's attention may be distracted, so that he will not discover what is obvious, or (2) will forget what he has discovered, or (3) fail to protect himself against it. Such reason may also arise where the possessor has (4) reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

*Riddle,* 440 Mich. at 97, 485 N.W.2d 676 (quoting 2 Restatement Torts, 2d, § 343A, comment f, p. 220) (enumeration inserted).

Defendant maintains that none of the circumstances necessary to impose liability on a possessor of land for an open and obvious condition is present in the instant case. The Court disagrees. Despite defendant's assertions, Wal–Mart does have reason to expect that an invitee's attention may be distracted upon entering the bin area. Furthermore, the fourth situation is arguably applicable, i.e., there is some reason to expect that a customer, upon entering the area, "will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id.*

Plaintiff has successfully rebutted defendant's initial showing that the danger was open and obvious, by demonstrating that the risk of harm created by the box bin area was foreseeable and that defendant should have anticipated that the risk of harm could cause injury. Plaintiff supports this contention with the deposition testimony of Matthew Roberts, the full-time assistant manager and of Carrie Campbell, the check-out supervisor on the day in question. Roberts admitted that the box bin area was dangerous and was an accident waiting to happen. *See* Roberts Depo., p. 18. Campbell testified that it was her responsibility to remove discarded cardboard boxes from the area, because it was recognized that they might present a trip hazard. *See* Campbell Depo., p. 6. Furthermore, Michelle Krieger, the front end area manager, admitted that defendant's employees did not follow the store's own policies and procedures with respect to maintenance of the box bin area. (Krieger Depo., pp. 74–5). According to plaintiff, defendant should have reasonably anticipated congestion in the box bin area due to the large amount of boxes, pedestrian traffic, and the pieces of cardboard strewn about the area without any structures to contain them.

As the court held in *Bertrand,* where plaintiff fell backwards off a step after holding the door open for other customers, a genuine issue of material fact existed regarding whether the defendant had breached its duty to protect plaintiff against an unreasonable risk of harm, in spite of the obviousness of the danger and plaintiff's knowledge. *Bertrand,* 449 Mich. at 623–24, 537 N.W.2d 185. Similarly, construing the evidence in a light most favorable to plaintiff, a genuine issue of material fact exists in the case at bar as to whether the danger to invitees presented by the condition of the box bin area was unreasonable.

Defendant argues that "the nature of the condition [of the box bin area] is not unlike any other condition that may be found inside similar discount retail warehouses throughout the nation." Defendant's Brief in Support of Motion for Summary Judgment, p. 6. As plaintiff points out, defendant has cited no evidence to support this assertion. Furthermore, even if other companies do maintain their premises in a similar fashion, this would not necessarily render the condition in defendant's store reasonable.

In summary, plaintiff has adequately rebutted defendant's assertion that the dangers presented by the box bin area were open and obvious. There is a genuine issue of material fact as to whether an unreasonably dangerous situation existed on defendant's premises. This Court finds the deposition testimony of Wal–Mart's employees to be most persuasive evidence that defendant was fully aware of the dangers associated with the area. Furthermore, defendant's agents appeared to admit that the employees had failed to uphold the store's own policies and procedures with respect to maintenance of the bin area. Although defendant may

not have had a duty to warn plaintiff of the dangerous condition, the Court concludes that, under the circumstances, defendant may at least have owed plaintiff the duty to protect such an invitee by taking reasonable steps to adequately maintain the premises. Whether defendant's conduct represented a breach of this duty is a question for the jury's careful consideration.

Accordingly, the Court will deny defendant Wal–Mart's motion for summary judgment.

### *ORDER*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant Wal–Stores, East, Inc.'s motion for summary judgment is **DENIED.**

**SO ORDERED.**