**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PHYLLIS N. GREGORY,
individually and as the personal
representative of the estate of
RICHARD D. GATES, deceased,

      Plaintiff - Appellant,

v.

CREEKSTONE FARMS PREMIUM
BEEF, LLC,

      Defendant - Appellee.

No. 17-3168
(D.C. No. 6:15-CV-01207-EFM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves an award of summary judgment to the defendant
on claims involving premises liability. For these claims, the defendant had
only limited duties for dangers that are considered "open and obvious."
This limitation lies at the center of this appeal: The victim was killed by
cattle, and the danger from cattle is ordinarily open and obvious. Here,
though, the cattle were contained in a pen that had been configured in a

_____

[*]    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But this order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

way that allegedly increased the danger. The fact-finder could reasonably view the configuration, called a "blind alley," as a defect that was not "open and obvious." As a result, a genuine issue of material fact existed on the openness and obviousness of the danger. In light of this issue of material fact, we reverse the award of summary judgment.

## I. Mr. Gates's Death at Creekstone

The plaintiff's son (Mr. Richard Gates) was a truck driver who delivered cattle to a processing plant (Creekstone Farms Premium Beef, LLC). Mr. Gates arrived at Creekstone and was ready to deliver the cattle into one of two receiving pens. But both were occupied at the time. So Creekstone's employee, Mr. Jeremy Irvin, worked to clear the west pen. To do so, he walked between the two pens in a so-called "handler's alley," moving the cattle toward the exit for the west pen. Mr. Gates tried to help, entering the west pen behind the cattle.

After Mr. Irvin cleared the west pen, he set out to move the cattle out of the east pen. He started by walking south in the handler's alley to try to move the cattle toward the exit. Mr. Gates entered the east pen behind the cattle, trying again to help Mr. Irvin.

Mr. Gates may have known that entering the east pen, with nearby cattle, was dangerous. But he apparently did not know that the cattle might not see any way to leave the east pen. The plaintiff's theory is that this

2

inability to see the exit is why one animal turned around and ran northward in the east pen, plunging into Mr. Gates and killing him.

Invoking this theory, the plaintiff alleged that Creekstone had negligently configured the east pen to create a blind alley, had failed to establish safety rules for the unloading of cattle, and had failed to provide enough staff to receive deliveries and move the cattle out of the receiving pens. On all claims, the district court granted summary judgment to Creekstone, holding that it owed no duty to Mr. Gates because the danger from the cattle was open and obvious.

In our view, this rationale overlooks the significance of the alleged blind alley. The danger from a blind alley might not have been open and obvious. If not, Creekstone's duty to Mr. Gates would have encompassed the danger. Thus, an open and obvious danger from cattle could not alone justify an award of summary judgment to Creekstone.

## II.    Standard of Review

In reviewing this award, we engage in de novo review. *See Pompeo v. Bd. of Regents of Univ. of N.M.*, 852 F.3d 973, 981 (10th Cir. 2017). Summary judgment is appropriate only if the movant establishes that (1) there is no genuine dispute of a material fact and (2) the movant is entitled to judgment as a matter of law. *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 1114, 1118 (10th Cir. 2014).

3

We apply the summary-judgment standard against the backdrop of Kansas's substantive law. *See US Fax Law Ctr., Inc. v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007) ("Federal courts sitting in diversity typically apply the substantive law of the forum state."). To ascertain Kansas's substantive law, we "endeavor to predict how [the Kansas Supreme Court] would rule." *Johnson v. Riddle*, 305 F.3d 1107, 1118-19 (10th Cir. 2002).

**III.  Duty of Care When the Danger is Open and Obvious**

The Kansas Supreme Court defines negligence as the lack of due care that a reasonable person would exercise under the circumstances. *Rowell v. City of Wichita*, 176 P.2d 590, 595 (Kan. 1947). Thus, recovery for negligence requires proof of a duty of care. *Id*. Generally, everyone bears a duty to exercise reasonable care to avoid injuring others. *See Striplin v. Kan. Gas & Elec. Co.*, 461 P.2d 825, 828 (Kan. 1969). But under premises-liability principles, this duty does not ordinarily extend to open and obvious dangers. *Scales v. St. Louis-S.F. Ry. Co.*, 582 P.2d 300, 306 (Kan. Ct. App. 1978); *see Miller v. Zep Mfg. Co.*, 815 P.2d 506, 514 (Kan. 1991) ("Generally, a possessor of land is under no duty to remove known and obvious dangers.").

The Kansas Supreme Court has not squarely decided whether the existence of an open and obvious danger involves an issue of law or fact. But in an unpublished opinion, the Kansas Court of Appeals regarded the

4

existence of an open and obvious danger as an issue generally reserved for the jury as a factual question. *See Walker v. Mustang Enters., Inc.*, No. 114,029, 2016 WL 3570483, at *3 (Kan. Ct. App. July 1, 2016) (per curiam) (unpublished) ("[D]eciding whether a particular condition constitutes a 'known or obvious' danger is generally a factual question reserved for the jury.").[1] Though unpublished, this opinion provides useful guidance in how the Kansas Supreme Court might treat the issue. *See Grinnell v. Mut. Reinsurance Co. v. Schwieger*, 685 F.3d 697, 703 n.5 (8th Cir. 2012) (stating that unpublished decisions of a state appellate court can be persuasive when interpreting state law).

Most courts employ a similar approach, treating the existence of an open and obvious danger as a factual issue.[2] These opinions also shed light

---

[1] And in another unpublished opinion, the Kansas Court of Appeals observed that determining "whether a dangerous condition is patent or latent" is a factual question in most instances. *White v. Junghans Agency, Inc.*, No. 105,242, 2012 WL 603266, at *7 (Kan. Ct. App. Feb. 10, 2012) (unpublished).

[2] *See, e.g.*, *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 823 (9th Cir. 2011) ("In Arizona, whether a hazard is open and obvious is almost always a jury question."); *Freeman v. Case Corp.*, 118 F.3d 1011, 1014 (4th Cir. 1997) ("Whether a hazard is open and obvious is a question of fact, and should be left to the jury when 'the evidence [is] in conflict.'" (alteration in original) (quoting *Morgen Indus., Inc. v. Vaughan*, 471 S.E.2d 489, 492-93 (Va. 1996))); *Barnwell v. CLP Corp.*, __ So. 3d __, 2017 WL 1422478, at *5 (Ala. Apr. 21, 2017) (stating that whether a danger is open and obvious is generally a fact question); *Olmanson v. LeSueur Cty.*, 693 N.W.2d 876, 881 (Minn. 2005) ("Generally, whether a condition presents a known or obvious danger is a question of fact.");

5

on how the Kansas Supreme Court would treat the issue. *See Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1132 (10th Cir. 2008) (treating the existence of a substantial majority view as useful guidance on how the state supreme court would decide the issue).

In light of the Kansas Court of Appeals's unpublished opinion and the approach ordinarily taken elsewhere, we predict that the Kansas Supreme Court would regard the existence of an open and obvious danger as a question of fact.

## IV. Principles of Premises Liability

Ms. Gregory acknowledges that the district court considered her claims of premises liability. But Ms. Gregory contends that the district

*Groleau v. Bjornson Oil Co.*, 676 N.W.2d 763, 770 (N.D. 2004) ("The determination of whether a dangerous condition is open and obvious, limiting the landowner's duty, is generally a question of fact for the trier of fact, and becomes a question of law only when reasonable minds could reach but one conclusion."); *Tagle v. Jakob*, 763 N.E.2d 107, 110 (N.Y. 2001) ("While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion and may do so on the basis of clear and undisputed evidence." (citations omitted)); *Sholer v. Erc Mgmt. Grp., LLC*, 256 P.3d 38, 44 (Okla. 2011) ("[I]t is well established in our jurisprudence that, where conflicting evidence is presented on the issue of the open and obvious nature of a defect, the question must be resolved by the trier of fact." (emphasis omitted)); *Carrender v. Fitterer*, 469 A.2d 120, 124 (Pa. 1983) ("Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion."); *see also Osontoski v. Wal-Mart Stores, Inc.*, 143 F.3d 1027, 1028-29 (6th Cir. 1998) (stating that the existence of an open and obvious defect constitutes an issue of fact).

6

court erred by failing to consider her claims of ordinary negligence. For this contention, Ms. Gregory relies on *Cardenas v. KanCo Hay, L.L.C.*, No. 14-1067-SAC, 2016 WL 3881345 (D. Kan. July 18, 2016) (unpublished). In *Cardenas*, the plaintiff sued a landowner for injuries sustained while tarping a load of hay on the landowner's property. 2016 WL 3881345 at *2. These injuries led the plaintiff to sue under theories of premises liability and general negligence. The district court concluded that the plaintiff could pursue the claim under general principles of negligence, explaining that "the Kansas Supreme Court has held that a landowner is subject to liability if its direct negligence causes injury to an independent contractor's employee while the employee is working on the landowner's property." *Id.* at *4. Ms. Gregory's reliance on *Cardenas* is misguided for three reasons.

First, *Cardenas* is a district court case, and we "owe no deference to district court adjudications of state law." *Leavitt v. Jane L.*, 518 U.S. 137, 145 (1996); *see also Cty. of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1035 (10th Cir. 2002) (engaging in de novo review of a district court's conclusions on state law).

Second, *Cardenas* misapplied Kansas precedent. The court cited *Herrell v. National Beef Packing Co.*, 259 P.3d 663 (Kan. 2011). *Cardenas*, 2016 WL 3881345 at *4. But in *Herrell*, the Kansas Supreme Court had recognized a duty of care for creating a hazardous condition on

7

the property, specifying that this was a "premises cause of action alleging direct negligence." *Herrell*, 259 P.3d at 673. Thus, *Cardenas* relied on an opinion applying principles of premises liability.

Third, Kansas courts regularly use principles of premises liability when addressing negligence claims for activities conducted on the defendant's property. For example, the Kansas Supreme Court has explained that

- "[p]remises liability law is not limited to cases where there is a physical defect in the premises" and

- "'[a] possessor of land is subject to liability to his invitees for physical harm caused to them by his failure to carry on his *activities* with reasonable care for their safety . . . .'"

*South ex rel. South v. McCarter*, 119 P.3d 1, 11 (Kan. 2005) (emphasis in original) (quoting Restatement (Second) of Torts § 341A (1964)); *see also Walters v. St. Francis Hosp. & Med. Ctr., Inc.*, 932 P.2d 1041, 1044 (Kan. Ct. App. 1997) (stating that when the plaintiff fainted and was injured after assisting doctors in the care of his fiancé, "premises liability principles and the relevant standards of care govern the liability for activities").

For these three reasons, we conclude that principles of premises liability apply and that the existence of an open and obvious danger would affect all of the plaintiff's claims.

8

## V.    The Existence of an Open and Obvious Danger

Under principles of premises liability, a landowner owes all invitees a duty of reasonable care.[3] *See Herrell v Nat'l Beef Packing Co.*, 259 P.3d 663, 675 (Kan. 2011). But a landowner does not ordinarily owe a duty of care for open and obvious dangers on the property. *See Scales v. St. Louis-S.F. Ry. Co.*, 582 P.2d 300, 306 (Kan. Ct. App. 1978).[4]

The resulting issue is whether the entirety of the danger to Mr. Gates was open and obvious. If it was, Creekstone had only a limited duty to Mr. Gates. But if the danger was not open and obvious, Creekstone owed Mr. Gates a duty to act with reasonable care under the circumstances.

Creekstone points out that the danger of unloading and moving cattle was open and obvious to Mr. Gates. He had experience in delivering cattle and had worked with cattle from a young age. Thus, the cattle presented an open and obvious danger. *See Borth v. Borth*, 561 P.2d 408, 415 (Kan.

---

[3]    "An invitee is one who enters or remains on the premises of another at the express or implied invitation of the possessor of the premises for the benefit of the inviter, or for the mutual benefit and advantage of both inviter and invitee." *Gerchberg v. Loney*, 576 P.2d 593, 596 (Kan. 1978), *overruled on other grounds by Bowers v. Ottenad*, 729 P.2d 1103 (Kan. 1986). For purposes of the summary-judgment motion, the parties agreed that Mr. Gates was an invitee.

[4]    An exception exists when the landowner should anticipate the harm even though it is obvious. *Miller v. Zep Mfg. Co.*, 815 P.2d 506, 514 (Kan. 1991). Ms. Gregory invokes this exception, but we need not address the applicability of this exception in light of a genuine factual dispute on the openness and obviousness of the danger.

1977) ("The risk of injury by the cattle . . . is . . . one that is open and apparent."). But Creekstone defines the danger too broadly by focusing only on the cattle. The cattle created a danger, but this danger could have been unknowingly exacerbated by the creation of a blind alley. Thus, a fact-finder could reasonably infer that Mr. Gates had not recognized the probability and gravity of the danger.

An expert witness testified about this danger, stating that the east pen contained "a design flaw described as a blind alley that occasionally results in cattle balking. A blind alley is one in which the cattle's perspective does not reveal to them that the alley leads to an exit." Appellant's App'x at 264. The expert witness added that "[t]he blind alley and the water puddling at the South end of the receiving [pen] represent design flaws that appear to bear the brunt of the blame for animals periodically bunching up and balking at or near the exit from the East receiving [pen]." *Id.* at 265.

For a danger to be open and obvious, the invitee must not only know about the condition or activity itself but also appreciate the danger involved. Restatement (Second) of Torts § 343A cmt. b (Am. Law. Inst. 1965); *see Wellhausen v. Univ. of Kan.*, 189 P.3d 1181, 1184 (Kan. Ct. App. 2008) (citing § 343A cmt. b). Thus, a danger is open and obvious only if the plaintiff appreciated "the probability and gravity of the threatened harm." Restatement (Second) of Torts § 343A cmt. b.

10

On this issue, the plaintiff's evidence indicated that Mr. Gates had not appreciated the probability and gravity of the danger. He may have known that unloading and moving cattle was dangerous. And, as Creekstone points out, Mr. Gates may have known that cattle sometimes bunch up or hesitate to leave their pens. But there is no evidence that Mr. Gates was aware of the blind alley[5] or the increased risk that cattle would balk because of their inability to see the exit. Without such awareness, Mr. Gates could not appreciate the "the probability and gravity of the threatened harm." *Id.*; *see Balagna v. Shawnee Cty.*, 668 P.2d 157, 169 (Kan. 1983) (concluding that landowners incur a duty of care when dangers are hidden to invitees).

\* \* \*

A fact-finder could reasonably infer that Mr. Gates could not appreciate the probability and gravity of the danger because of the alleged blind alley. Thus, the district court erred in awarding summary judgment to Creekstone based on the existence of an open and obvious danger.[6]

---

[5] Creekstone states that Mr. Gates knew that a blind alley would cause the cattle to bunch up. But Creekstone does not cite any evidence that Mr. Gates knew of the blind alley or its impact on the cattle.

[6] Creekstone denies the existence of evidence that the blind alley caused the cattle to bunch up and balk when Mr. Gates entered the east pen. But the district court declined to decide Creekstone's motion for summary judgment on causation grounds. And Creekstone did not brief causation as an alternative ground for affirmance. Thus, we leave this issue

11

## VI. Conclusion

Creekstone's duty to Mr. Gates encompassed dangers that were not open and obvious, and a fact-finder could reasonably conclude that the danger from a blind alley would not have been open and obvious. Thus, we reverse the district court's grant of summary judgment to Creekstone.

Entered for the Court


Robert E. Bacharach
Circuit Judge

for the district court to decide on remand. *See Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1238 (10th Cir. 2005) ("Where an issue has been raised, but not ruled on, proper judicial administration generally favors remand for the district court to examine the issue initially.").