PREBENDA v TARTAGLIA

Docket No. 215643. Submitted December 4, 2000, at Detroit. Decided March 27, 2001, at 9:00 A.M.

Francis Prebenda, as personal representative of the estate of Lottie Prebenda, brought an action in the Oakland Circuit Court against Alfred Tartaglia and others, seeking damages for injury sustained by the decedent at the defendants' apartment complex, where the decedent had been a tenant. The decedent was attempting to pull open a windowless door between a vestibule and a common hallway when a guest of another apartment resident pushed the door from the other side, causing the decedent to fall. The court, Fred M. Mester, J., granted summary disposition for the defendants, ruling that there existed no genuine issues of material fact and the defendants were entitled to judgment as a matter of law. The plaintiff appealed.

The Court of Appeals *held*:

Considering the evidence in a light most favorable to the plaintiff, no reasonable juror could have found that the door was a dangerous condition on the defendants' property such that the defendants should be held liable for physical harm to the decedent as the defendants' invitee.

Affirmed.

NEGLIGENCE — PREMISES LIABILITY — INVITEES.

A possessor of land is subject to liability for physical harm caused to invitees by a condition on the land if, and only if, all of the following are true: the possessor knows, or by the exercise of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to the invitees; the possessor should expect that the invitees will not discover or realize the danger, or will fail to protect themselves against it; and the possessor fails to exercise reasonable care to protect the invitees against the danger.

*Stanley R. Mikiciuk*, for the plaintiff.

*Raftery & Associates, P.C.* (by *James J. Raftery*), for the defendants.

Before: BANDSTRA, C.J., and WILDER and COLLINS, JJ.

BANDSTRA, C.J. Plaintiff appeals as of right an order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

The facts of this case can be stated simply. Plaintiff's decedent was a tenant (invitee) of defendants' apartment complex. Returning home, she entered a vestibule and came to a solid door leading to a common hallway shared with other apartments. As she was attempting to pull the door open, a guest of another apartment resident pushed the door from the other side. The decedent fell and was injured.

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, and only if, all of the following are true: the possessor (a) knows, or by the exercise of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. *Arias v Talon Development Group, Inc*, 239 Mich App 265, 266-267; 608 NW2d 484 (2000), quoting *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 93; 485 NW2d 676 (1992). The corollary "open and obvious" rule is that if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition and realize its danger, but should have, there is ordinarily no liability. *Bertrand*

*v Alan Ford, Inc*, 449 Mich 606, 611; 537 NW2d 185 (1995).

We need not consider the intricacies of the open and obvious doctrine to conclude that the trial court properly granted summary disposition to defendants here. The logical starting basis of both *Riddle* and *Bertrand* is that the possessor of land can only be liable for injuries to an invitee resulting from some dangerous condition on the land. If no reasonable factfinder could conclude that such a dangerous condition existed, summary disposition is warranted without further review. If a condition is not dangerous, it is senseless to consider whether that condition is open and obvious.

Considering the evidence in a light most favorable to plaintiff, *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996), we conclude that no reasonable juror could have found that a dangerous condition on the land was involved here. To put it plainly, the decedent did not encounter a dangerous condition at the time of the accident; she encountered a commonplace and ordinary door. Plaintiff argues that the door was dangerously faulty because it had no window allowing people on each side to see one another. We conclude that no reasonable juror could accept that argument in light of the fact that most doors simply do not have such windows. It seems that people generally approach doors cautiously, knowing that someone might be coming from the other direction. In any event, plaintiff was appropriately prevented from proceeding to trial on a theory that is so convincingly belied by everyday experience.

We affirm.