Nancy **LAUREL** and, Larry
Laurel, Plaintiffs,

v.

**WALMART STORES, INC., a foreign
corporation, Defendant.**

No. 00–CV–71638.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 31, 2002.

John L. Lengemann, Morrice, Lengemann, Imlay City, MI, James A. Tucker, Tucker, Barbour, Detroit, MI, Thomas J. Bertino, Trenton, MI, for plaintiffs.

Dane A. Lupo, Robert P. George, Scott J. Lupo, Lupo & Koczkur, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

### I. FACTS

Plaintiffs Nancy and Larry Laurel filed this cause of action against Defendant Walmart Stores in the Circuit Court for the County of Lapeer. Defendant removed this cause of action to United States District Court for the Eastern District of Michigan on April 5, 2000.

On April 5, 1998, Plaintiff Nancy Laurel went to the Walmart in the City of Lapeer with her husband, two grandchildren and a niece. While in the store one of the Plaintiff's grandchildren, darted away from Plaintiff toward the entrance of the store. Plaintiff followed the child, who was two years old, in a effort to stop the child before he exited the store. The child ran through the first set of entry doors from the inside of the store. The child continued to run through a set of shopping cart doors. The shopping cart doors are half doors which are open at the bottom but have a stationary piece of tempered glass at the top.

As the child darted through the cart doors, Plaintiff reached for the child and collided with the top part of the fixed panel door injuring herself. Plaintiff struck her forehead on the shopping cart doorway and knocked off her glasses. Plaintiff contends that she sustained a closed head injury, a brain concussion, loss of consciousness, cervical disc herniation, cervical spondylosis, spondylothesis and stenosis, pain and injuries to the neck and back causing loss in range of motion and radiating pain and contusions to the face and head. She also claims that she broke her eyeglasses and suffered humiliation, embarrassment, mortification and denial of everyday social pleasures. Plaintiff contends in her Complaint that these injuries occurred as a result of Defendant's negligent acts and omissions.

On April 2, 2001, Defendant filed a Motion for Summary Judgment. Plaintiff responded to Defendant's Motion.[1] Having

---

1. Defendant replies that Plaintiff failed to file her response in a timely manner pursuant to

reviewed and considered the parties' briefs and supporting evidence, the Court is now prepared to rule on Defendant's Motion.

## II. STANDARD OF REVIEW

Defendant Walmart Stores, Incorporated seeks dismissal pursuant to Rule 56(c) of the Federal Rules of Civil Procedure for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there are issues of fact requiring a trial, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus., Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). A "material" fact exists if there is a "dispute over facts that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505.

The moving party has the initial burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment must be entered if the nonmoving party fails to provide sufficient evidence on an essential element to that party's case on which that party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The nonmoving party must present more than a mere scintilla of evidence and "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 252, 106 S.Ct. 2505 (internal citation omitted). If the nonmoving party fails to present evidence that opposes the moving party, the evidence submitted by the moving party will be taken as true. *Id.* at 248–49, 106 S.Ct. 2505.

## III. ANALYSIS

■ The Michigan Supreme Court defined the duty a possessor of land owes to its invitees in *Quinlivan v. Great Atlantic & Pacific Tea Co., Inc.*, 395 Mich. 244, 235 N.W.2d 732 (1975), by adopting the Restatement (Second) of Torts:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if he:
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee; and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect against danger.

395 Mich. at 258–59, 235 N.W.2d 732 (quoting Restatement (Second) of Torts § 343); *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 93, 485 N.W.2d 676 (1992); *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606,

L.R.7.1 (d)(1)(1) which states that a response must be filed within 21 days after the service of the motion. Defendant asserts that Plaintiff's response was served on May 2, 2001.

Although untimely filed, the Court exercises its discretion to consider Plaintiff's response brief.

608, 537 N.W.2d 185 (1995). Michigan courts require a plaintiff to show either that the defendant created the unsafe condition, or that the unsafe condition was known to the defendant, or that the unsafe condition was of such a character or had existed for a sufficient length of time such that defendant should have known of the condition. *Gresko v. Southland Joint Venture*, 859 F.Supp. 1089, 1092 (E.D.Mich. 1994) (citing *Serinto v. Borman Food Stores*, 380 Mich. 637, 640–41, 158 N.W.2d 485 (1968)).

■ Defendant, however, has no duty to warn of a danger which is open and obvious. *Riddle*, 440 Mich. at 92, 485 N.W.2d 676. Michigan courts have defined an open and obvious danger as that which an average user of ordinary intelligence would have been able to discover upon casual inspection. *Novotney v. Burger King Corp.*, 198 Mich.App. 470, 474–75, 499 N.W.2d 379 (1993). Public policy encourages people to take reasonable care for their own safety. *Bertrand*, 449 Mich. at 617, 537 N.W.2d 185. For example, a premises owner is under no obligation to protect or warn an invitee of the dangers of falling from ordinary steps, see *id.* at 614, 537 N.W.2d 185, or well-exposed changes in floor levels, see *id.* at 615, 537 N.W.2d 185, or walking into a concrete post in the entryway of a department store. *Riddle*, 440 Mich. at 98–100, 485 N.W.2d 676. "However, where there is something unusual about the danger because of its 'character, location, or surrounding conditions,' then the duty of the possessor of land to exercise reasonable care remains." *Bertrand*, 449 Mich. at 617, 537 N.W.2d 185.

## A. Open and Obvious

Defendant contends that any danger which may have been presented by the shopping cart door was readily apparent upon casual inspection by an average person of ordinary intelligence. Defendant asserts that if Plaintiff was unaware of the shopping cart door and did not duck, it is reasonable to believe that she would have been struck in the middle of her person. If Plaintiff was aware of the shopping cart door, and stooped to reach for her grandchild, she would have been struck in her forehead as she was. Defendant asserts that Plaintiff was able to see the doorway.

■ Defendant states that "reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warnings, against dangers which are known to the visitor, or are so obvious to him that he may be expected to discover them." *Riddle v. McLouth Steel Corp.*, 440 Mich. 85, 485 N.W.2d 676 (1992). "Open and obvious" is defined as "what is visible, what is a well known danger, or what is discernible by casual inspection. Thus, one cannot be heard to say that he did not know of a dangerous condition that was so obvious that it was apparent to those of ordinary intelligence ... in other words, what is open and obvious to all reasonable persons can be objectively determined." *Glittenberg v. Doughboy Recreational Industries*, 441 Mich. 379, 392, 491 N.W.2d 208 (1992).

Defendant states that there is no evidence to suggest that Plaintiff was unable to discover the shopping cart doorway upon casual inspection. Defendant states it is reasonable to believe that Plaintiff would have seen the shopping cart doorway and avoided it. Defendant submits the affidavit of Phyllis Hilts, a Walmart employee, who testified that Plaintiff was aware of the shopping cart doorway and stooped in order to avoid it but, did not crouch low enough.

■ Plaintiff claims that her expert witness has given an opinion that the design and method of usage of the doorway was defective because it was not marked, was easily confusing to a patron in the vesti-

bule and that there was no protection afforded any patron who mistook the half door for an exit. Plaintiff argues that a shopper does not observe the area as dangerous.

The Court concludes that Defendant has not met its initial burden to show that the half door is an open and obvious dangerous condition. The half door is in an area where there are other glass doors provided for exiting/entering the store. The pictures submitted by Defendant does not conclusively show that the half door is open and obvious. One photo is taken from inside the store looking out to the parking lot. A shopper, who is exiting the store could easily mistake the half door as an exit door. The caution sign is not clear from the view looking out into the parking lot. The caution sign facing the outside of the store may not also be clear from the outside looking into the store. One of the photo submitted by Defendant shows that the sign is not clear at all. If there were no shopping carts going through the half door, an ordinary shopper may not observe that the half door is merely a half door and is not an exit nor entrance way. Summary judgment is therefore denied on this issue. The Walmart employee's affidavit indicating that Plaintiff was aware of the shopping cart doorway and stooped in order to avoid it but did not crouch low enough merely creates a question of fact since the Walmart employee cannot know Plaintiff's state of mind.

### B. Unreasonable Risk of Harm

Defendant states that the shopping cart doorway did not present an unreasonable risk of harm to Plaintiff. Defendant asserts:

> The rule generated is that if the particular activity or condition creates a risk of harm only because the invitee has not discovered the condition or realized its danger, then the open and obvious doctrine will cut off liability if the invitee

should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions.

*Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 537 N.W.2d 185 (1995). The *Bertrand* court further stated that there will be a duty to protect an invitee where the condition evidences some "special aspects" such as its "character, location or surrounding conditions" indicates the risk of harm was unreasonable. *Id.* at 617, 537 N.W.2d 185. Summary judgment was affirmed in *Maurer v. Oakland County Parks & Recreation,* a companion case decided with *Bertrand,* where plaintiff failed to establish that there was something unusual about a step from which she stumbled and fell. In contrast, Defendant states that in *Bertrand,* the court held that defendant should have anticipated a congested pedestrian traffic pattern at the location where Plaintiff fell. Summary judgment was inappropriate because the design of the step was such that, even if plaintiff was aware of the step and exercised reasonable care, the possibility of injury still existed.

Defendant states, in the case at bar, that any risk created by the shopping cart doorway was not unreasonable. Defendant claims that there are no special aspects such as defects in the floor area around the shopping cart area or inadequate lighting. Defendant states that there were no assertions by Plaintiff that her view was obstructed. Defendant contends that the shopping cart doorway is a plain, ordinary and simple circumstance.

Plaintiff responds that the shopping cart door is defective in its design and that the Defendant was negligent in its failure to warn of the defect. Plaintiff argues that

even if the danger of the shopping cart door was open and obvious, a question of fact exists as to whether the doorway was unreasonably dangerous. Plaintiff relies on *Meyers v. Wal–Mart Stores, Inc.*, 29 F.Supp.2d. 780 (1998). The plaintiff in *Meyers* alleged that the defendant was negligent by allowing loose cardboard boxes to remain in the area traveled by business invitees. Plaintiff was injured by tripping and falling on one of the boxes. Plaintiff states that summary judgment was denied because the court found questions of fact regarding where defendant should have anticipated the risk of harm and whether defendant breached its duty to take reasonable steps to protect business invitees.

Plaintiff claims that there were no carts in the area to alert patrons that the door in question was a shopping cart door and not an entrance or exit. Plaintiff argues that the lack of carts in the shopping cart area at the time of the incident creates a genuine issue of material fact regarding whether the alleged dangerous condition was open and obvious or whether it constituted an unreasonable hazard.

Defendant states that Plaintiff has failed to meet its burden sufficient to preclude summary judgment. Defendant argues that *Meyers v. Wal–Mart Stores East Inc.*, 29 F.Supp.2d 780 (1998) is distinguishable. Defendant argues that the shopping cart door is not in any manner similar to the box in *Meyers*. Defendant also asserts that, while Plaintiff states that previous incidents involving the shopping cart door have occurred and that its expert has testified that the shopping cart door presented a dangerous condition, Plaintiff failed to attached any reports or documentation to her response. At oral argument, Plaintiff referred to an expert report which was subsequently provided to the Court and opposing counsel.

It is Defendant's position that an open door is not a dangerous but commonplace and ordinary condition. *Prebenda v. Tartaglia*, 245 Mich.App. 168, 627 N.W.2d 610 (2001).[2] Defendant argues that the mere fact that the shopping cart doorway was empty at the time of Plaintiff's injury does not make the shopping cart doorway a hazard. The shopping cart doorway is the sort that is used by other retail stores.

The Court concludes that there exists a genuine issue of material fact as to whether the doorway created an unreasonable risk of harm to Plaintiff. The *Prebenda* case is distinguishable since the half door at issue is not an ordinary door. The door in *Prebenda* was an entrance door which was solid and it obviously led into a common hallway shared by the tenants of the building. The door in this case was not a solid door and could have appeared to be an exit door. The shopping cart door cannot be termed ordinary because it was a half door with a stationary upper glass door. Without shopping carts through that door, the half door could be mistaken as an entrance/exit door for individuals.

## C. Lack of Notice

Defendant claims that even assuming that the shopping cart doorway is deemed a hazard, there is neither evidence to suggest that Defendant's employees created the hazard nor evidence to suggest how long the shopping cart doorway was empty. Defendant argues that Plaintiff has failed to establish constructive notice of a hazard.

---

**2.** *Prebenda*, however, involved a "commonplace and ordinary door", "a solid door leading to a common hallway" in an apartment vestibule. *Prebenda v. Tartaglia*, 245 Mich. App. 168, 627 N.W.2d 610, —, — slip op. 1, 2 (2001). A question of fact exists as to whether the shopping cart door posed an unreasonable risk of harm.

Plaintiff asserts that there have been two prior accidents in Defendant's shopping cart area, which are sufficient to provide notice of a defect in the doorway. Plaintiff states that she received reports of prior accidents during discovery. A genuine issue of material fact exists as to whether Defendant had notice of the dangerous condition such that it had a duty to warn. Plaintiff contends that there were no warning signs or protective devices. In addition, Plaintiff alleges that the Defendant did nothing to protect patrons following the two prior accidents. Plaintiff states that Defendant failed to post warning signs, warning tape, notices or anything to warn patrons that the upper part of the glass over the cart door was fixed. Plaintiff likens the shopping cart area to a panel of fixed glass next to a sliding glass door. Plaintiff asserts that her expert witness will testify that the design and method of usage of the doorway is defective because "it is not marked, was easily confusing to a patron in the vestibule and that there was no protection afforded any patron who mistook the half door for an exit."

Plaintiff notes that the photos offered in support of Defendant's Motion for Summary Judgment were not produced in discovery. However, Plaintiff states the blocking of the shopping cart door with strips of plastic as shown in the photos would resolve the dangerous condition.

The first six (6) photographs show the shopping cart door open with a stream of sunshine coming through which would seem to indicate that the area was open. The seventh (7th) photograph shows the shopping cart door equipped with plastic strips which have a tendency to swing back and forth with a breeze or other movement. Apparently, the shopping cart door on the day in question was not equipped with the plastic. Plaintiff seems to suggest in the Response that the inlets were not installed on the day in question because, had the door been equipped with the inlets, the doubt regarding whether the shopping cart door was an exit or an entrance would have been resolved.

Viewing the facts in the light most favorable to the non-moving party, this Court finds that there is a dispute which might affect the outcome of the case. The evidence is such that a reasonable jury could return a verdict for the non-moving party. Defendant's Motion for Summary Judgment is denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 17, filed April 2, 2001) is **DENIED**.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference in this matter will be held on **Monday, February 25, 2002, 3:30 p.m.** The proposed Joint Final Pretrial Order must be submitted to chambers by Tuesday, February 19, 2002. All parties with authority to settle must appear at the Final Pretrial Conference. The trial date will be scheduled at the Final Pretrial Conference.