# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY DAVIES,

      Plaintiff-Appellant,

v

DAVID SHEETS,

      Defendant-Appellee.

UNPUBLISHED
September 8, 2015


No.   320765
Ingham Circuit Court
LC No.   12-001293-NO

Before:  BORRELLO, P.J., and HOEKSTRA and O'CONNELL, JJ.

BORRELLO, P.J. (*dissenting*).

The central issue in this case involves whether there was an issue of fact with respect to whether defendant had constructive notice of the defective patio in this case.  Because, when viewed in a light most favorable to plaintiff there was evidence on which a jury could conclude that defendant, upon a reasonable inspection of the patio, would have discovered the defect, I respectfully dissent and would hold that the trial court erred in granting defendant's motion for summary disposition.

## I.  FACTUAL BACKGROUND

Defendant leased residential property to plaintiff for a one-year term commencing on January 20, 2012.  The premises had been certified as compliant with the Lansing Uniform Housing Code for a rental dwelling, but that certificate was set to expire on December 1, 2012.  In March 2012, a drain problem occurred in the front yard of the property and extensive repair work was done.  Heavy equipment was on the property and a significant portion of the front yard was dug up during the repair process.  There was evidence that concrete at the front the side of the house was cracking.

On May 19, 2012, at about 3:00 a.m., plaintiff let his dogs out and was standing on the corner of the back patio when the corner cracked and collapsed, causing plaintiff to fall and sustain injuries to his back and neck.  Plaintiff commenced this lawsuit alleging negligence and breach of MCL 554.139(1).

During discovery, plaintiff submitted an affidavit wherein he stated that he spoke with defendant on May 3, 2012 and explained that the sewer repairs had caused damage to the concrete near the front and side of the house and to the front sidewalk, and that defendant did not

address these concerns until after plaintiff's injury. Defendant submitted an affidavit in which he stated that at no point prior to plaintiff's fall did he receive notification from plaintiff or otherwise acquire knowledge about any defect to the patio.

On November 11, 2013, defendant moved for summary disposition under MCR 2.116(C)(10). The trial court concluded that the issue in the case was whether defendant had notice of any defect in the patio. The trial court concluded that a landlord only has a duty regarding defects that he knows or should have known about and that the landlord has no duty to regularly inspect the premises for defects. The trial court stated that there was no expert testimony suggesting that the work done at the front of the house could have caused the back patio to break. The trial court additionally stated that there was no evidence that the work in the front caused a defect that would have been noticed on casual inspection. The trial court stated that "[t]here is no support for the proposition that a casual inspection by the landlord would have disclosed this potential, I guess, impending condition." The trial court granted defendant's motion for summary disposition and denied plaintiff's motion for reconsideration. This appeal ensued.

## II. ANALYSIS

We "review[] the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is proper under MCR 2.116(C)(10) where, when viewed in a light most favorable to the non-moving party, "the proffered evidence fails to establish a genuine issue regarding any material fact. . . ." *Id*. at 120. "A genuine issue of fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229-230; 731 NW2d 112 (2006).

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because there was evidence to support that defendant should have investigated and discovered the defect in the patio.

A tenant is considered an invitee of a landlord's premises. *Prebenda v Tartaglia*, 245 Mich App 168, 169; 627 NW2d 610 (2001). A landowner "has a duty of care, not only to warn the invitee of known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). Thus, even if a premises possessor does not have actual knowledge of a defect, he or she can be liable to an invitee if "*he should have had knowledge of it*." *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001) (emphasis in original). Accordingly, "the failure to properly inspect may constitute negligence if a reasonable inspection would have revealed the dangerous condition giving rise to an injury." *Grandberry-Lovette v Garascia*, 303 Mich App 566, 574-575; 844 NW2d 178 (2014).

This Court has explained that "the failure to properly inspect is most often framed as one involving constructive notice." *Id*. at 575. If a "premises possessor fails to inspect his or her property, or conducts an inadequate inspection, the law will impute knowledge of the dangerous

-2-

condition to the premises possessor if the dangerous condition is of such a character . . . that a reasonable premises possessor would have discovered it." *Id.* "[W]hether the premises possessor should have discovered the dangerous condition with a proper inspection will often be a question of fact for the jury." *Id.* at 579.

The resolution of this appeal turns on whether there was a genuine issue of material fact regarding whether defendant, upon a proper inspection, should have discovered the dangerous condition of the porch—i.e. whether defendant had constructive knowledge of the defect. Contrary to the majority's conclusion, the resolution of this issue is governed by *Grandberry-Lovette*, which is directly on point.

In *Grandberry-Lovette*, the defendant owned a residential home that he leased to a third-party. *Id.* at 570. The steps leading to the home's front-porch were of concrete construction with a decorative brick border. *Id.* In April 2010, the plaintiff, a healthcare aid, arrived at the rental property to provide in-home assistance to the residents that lived there. *Id.* As the plaintiff walked up the front steps to the porch the "bricks came loose" and she fell and injured herself. *Id.* at 571. The defendant testified that approximately 9 to 18 months before the fall, he received a call about the need to repair the steps. *Id.* at 570. The defendant went to the home and discovered some missing and loose bricks and he repaired them. *Id.* After the repair, the defendant did not receive any further complaints and he visited the property several times a year and did a visual inspection and did not discover any other defects. *Id.*

The plaintiff sued the defendant, alleging, in part, that the defendant breached his duty to "timely and adequately" repair the steps and ensure that they were in reasonable repair. *Id.* at 571. The defendant moved for summary disposition, arguing that there was no evidence to support that he had constructive knowledge of the defective stairway. *Id.* In support of this argument, the defendant "essentially relied on [the plaintiff's] inability to discover the hazard on casual inspection to establish that he too, as a reasonably prudent premises possessor, would not have discovered that the bricks had come loose." *Id.* at 580. This Court rejected the defendant's argument, explaining:

> for purposes of summary disposition, a premises possessor cannot invariably establish that he or she did not have constructive notice of a dangerous condition by showing that the dangerous condition would not have been discovered during a casual inspection; rather, the premises possessor must show that the type of inspection that a reasonably prudent premises possessor would have undertaken under the same circumstances would not have revealed the dangerous condition at issue. []

> Accordingly, if under the totality of the circumstances a reasonably prudent premises possessor would have employed a more vigorous inspection regime that would have revealed the dangerous condition, the fact that the condition was not observable on casual inspection would not preclude a jury from finding that the premises possessor should have discovered the hazard in the exercise of reasonable care notwithstanding its latent character. [*Id.* at 579.]

The *Grandberry-Lovette* Court proceeded to hold that the evidence left open a question of fact as to whether the defendant had constructive notice of the defective steps. The Court cited the defendant's testimony that bricks loosen and deteriorate during Michigan winters and his testimony that he failed to adequately inspect the bricks following the winter preceding the plaintiff's fall in April 2010. *Id*. at 582. Moreover, despite the defendant's testimony that the only way to determine if bricks were loose was to "wiggle them," following the repairs, the defendant only performed a visual inspection of the steps to determine if they were in proper condition during the 9 to 18 months after he repaired the steps and before the plaintiff fell. *Id*. This testimony left open a question of fact regarding whether the defendant would have discovered the loose bricks "in the exercise of reasonable care either at the time of the previous repair or through a proper inspection at a later time." *Id*. at 582.

In this case, the trial court granted summary disposition, in part upon a finding that "[t]here is no support for the proposition that a casual inspection by the landlord would have disclosed this potential, I guess, impending condition." In doing so, the trial court erred as a matter of law because "[t]he premises possesor's duty to inspect . . . is not invariably limited to 'casual observation;'" rather, the premises possessor must "undertake the type of inspection that a 'reasonably prudent' premises possessor would exercise under similar circumstances to protect his or her invitees." *Id*. at 577-578. In this case, like in *Grandberry-Lovette*, viewed in a light most favorable to plaintiff, there was evidence that would allow a rational trier of fact to conclude that a reasonably prudent premises possessor would have discovered the defect in the back porch. Specifically, the evidence showed that substantial work was done at the house that required excavation of the entire front yard. Thereafter, plaintiff informed defendant about cracks in cement at the front and side of the home following the sewer work and the corner of the patio eventually collapsed under normal use. The nature of the work performed to the front of the house coupled with plaintiff's observations of cracked cement placed defendant on notice that there could be structural defects to the back of the home including the patio. Like the steps in *Grandberry-Lovette*, here, the trier of fact could have concluded that a reasonable landlord would have inspected the patio and discovered the defects.

Defendant relies on the city's certificate and plaintiff's walk-through inspection to support that he maintained the home in a reasonable manner. However, the certificate and inspection were completed before the sewer work and the certificate was set to expire in December 2012. In the interim, there was substantial sewer work performed at the home, such that a juror could conclude that new defects would have been discovered upon a reasonable inspection after the sewer work was completed and defendant was notified of broken cement at the home. In short, on this record, I would find that reasonable minds could differ as to whether a reasonably prudent landlord would have discovered the defects in the porch upon inspection. *Campbell*, 273 Mich App at 229-230.

For the same reasons, I would hold that there remain genuine issues of material fact with respect to whether defendant breached the covenants set forth in MCL 554.139(1) by failing to maintain the porch in a condition fit for its intended use and by failing to maintain the premises in reasonable repair. Although I would note that any recovery under the statute is limited to contractual remedies. See *Allison v AEW Capital Mgt*, 481 Mich 419, 425; 751 NW2d 8 (2008).

In sum, consistent with *Grandberry-Lovette*, 303 Mich App at 566, because the evidence left open genuine issues of material fact as to whether defendant would have discovered defects in the patio upon a reasonable inspection, I would conclude that the trial court erred in granting defendant's motion for summary disposition and would reverse and remand for further proceedings.


/s/ Stephen L. Borrello