*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL VAGNETTI,

      Plaintiff-Appellee,

v

LEONARD Y. WONG, D.D.S., and D.D.S. LAND
HOLDING, LLC,

      Defendants-Appellants,

and

WILLIAM WEST, INC., doing business as WEST
MAINTENANCE, INC.,

      Defendant.

UNPUBLISHED
August 20, 2019

No. 343372
Macomb Circuit Court
LC No. 2017-001142-NO

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

Defendants, Leonard Y. Wong, D.D.S., and D.D.S. Land Holding, LLC,[1] appeal by leave granted[2] an order denying their motion for summary disposition. We reverse and remand.

---

[1] William West, Inc., doing business as West Maintenance, Inc. is not a party on appeal. Therefore, Leonard Y. Wong, D.D.S., and D.D.S. Land Holding, LLC, collectively as "defendants" herein.

[2] See *Vagnetti v Leonard Y. Wong DDS*, unpublished order of the Court of Appeals, entered October 3, 2018 (Docket No. 343372).

## I. BACKGROUND

This case arises from plaintiff's slip and fall on ice outside of the dental office of defendant, Leonard Y. Wong, D.D.S. ("the dental office"). Defendant D.D.S. Land Holding, LLC, a company owned by Dr. Wong and a partner, owns the building in which the dental office is located and the real property where the incident occurred; Dr. Wong owns the dental office. The night before the incident, on December 12, 2016, William West, Inc., doing business as West Maintenance, Inc. ("West Maintenance"), plowed and salted the dental office parking lot. When Dr. Wong arrived to work at 8:30 a.m. on December 13, 2016, he saw no hazardous condition along the walkway or any reason to put salt down, and neither he nor members of his staff salted in the morning. Plaintiff, a patient of Dr. Wong, arrived at the dental office around 11:15 a.m. on December 13, 2016, and parked in the lot behind the building. He walked from his parked car to the walkway behind the dental office, up two steps, and continued on the walkway to the back door of the dental office. Plaintiff had no trouble walking on the walkway or the steps to enter the building. He saw no ice or snow on the walkway or steps while walking into the building. Plaintiff left the dental office around 12:10 p.m. by exiting the building from the same door he used to enter and he walked back down the walkway to the steps. When plaintiff took a step down, he slipped and fell, and the side of his body hit the steps.

Plaintiff sued defendants for negligence. Defendants filed a motion for summary disposition, arguing that the open and obvious doctrine barred plaintiff's claim. The trial court denied defendants' motion, concluding that a genuine issue of material fact existed whether the alleged black ice was open and obvious.[3]

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition under MCR 2.116(C)(10) challenges the "factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A trial court's grant of summary disposition under MCR 2.116(C)(10) is proper when the evidence, "viewed in the light most favorable to the nonmoving party, show[s] that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey*, 500 Mich at 5. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gorman*, 302 Mich App at 116 (citation omitted).

## III. ANALYSIS

Defendants argue that the trial court erred when it held that the open and obvious doctrine did not bar plaintiff's claim. We agree.

---

[3] The trial court granted West Maintenance's motion for summary disposition.

"If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis v Trinity Continuing Care Serv*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Id*. at 693 (citation omitted). "The existence of a legal duty is a question of law for the court to decide." *Id*. (citation omitted). "A person invited on the land for the owner's commercial purposes or pecuniary gain is an invitee[.]" *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "[A] premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). In *Prebenda v Tartaglia*, 245 Mich App 168, 169; 627 NW2d 610 (2001), this Court stated the general rule that a possessor of land is subject to liability for harm to an invitee for injuries caused by a condition on the land:

> if, and only if, all of the following are true: the possessor (a) knows, or by the exercise of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. [(Citations omitted).]

In *Buhalis*, however, this Court explained:

> A possessor of land is not an absolute insurer of the safety of an invitee. Generally, an owner of land owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. Absent special aspects, this duty does not extend to open and obvious dangers. Moreover, the open and obvious doctrine should not be viewed as some type of "exception" to the duty generally owed invitees, but rather as an integral part of the definition of that duty.

> Where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee. Indeed, there is an overriding public policy that people should take reasonable care for their own safety and this precludes the imposition of a duty on a landowner to take extraordinary measures to warn or keep people safe unless the risk is unreasonable.

> Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard. . . . [I]f a condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. A plaintiff

may not recover if the condition is so common that the possibility of its presence is anticipated by prudent persons. [*Id*. at 693-694 (quotation marks, alterations, and citations omitted).]

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012) (citations omitted). "This is an *objective standard*, calling for an examination of the objective nature of the condition of the premises at issue." *Id*. (quotation marks and citation omitted). Moreover,

> liability does not arise for open and obvious dangers unless special aspects of a condition make even an open and obvious risk unreasonably dangerous. This may include situations in which it is "effectively unavoidable" for an invitee to avoid the hazard posed by such an inherently dangerous condition. [*Id*. at 455.]

An " 'unreasonably dangerous' hazard must be just that—not just a dangerous hazard, but one that is unreasonably so. And it must be more than theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Id*. at 472. An " 'effectively unavoidable' hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances." *Id*. What constitutes an unreasonably dangerous condition is a question of law. *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 410; 864 NW2d 591 (2014).

In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), our Supreme Court explained that the governing precedent established in *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008), rendered:

> alleged "black ice" conditions open and obvious when there are "indicia of a potentially hazardous condition," including the "specific weather conditions present at the time of the plaintiff's fall." Here, the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection. Moreover, the alleged condition did not have any special aspect. It was avoidable and not unreasonably dangerous. [Citation omitted.]

Defendants argue that, if plaintiff slipped on black ice as he alleged, that condition constituted an open and obvious danger which required the trial court to grant defendants' motion as matter of law. Plaintiff argues that the ice was not open and obvious because there were no indicia of potentially hazardous conditions to put plaintiff on notice of the black ice. Plaintiff asserts that he did not see the ice before falling, there was no salt to put plaintiff on notice of the icy condition, and Dr. Wong and Donna Everett, a staff member at Dr. Wong's office, both stated that they did not see ice. Plaintiff also argues that, despite the presence of snow in the area, he had no indication that a dangerous condition existed on the specific

walkway where he fell. Defendants argued that the wintery conditions on the premises on the day of the accident rendered the alleged black ice open and obvious.

In this case, both plaintiff and Dr. Wong testified that they did not see ice in the parking lot or on the specific walkway where plaintiff fell. Dr. Wong testified that he did not see any hazardous condition on the premises in the morning when he arrived at work nor did he see ice on the ground even after plaintiff fell. However, it snowed the night before plaintiff slipped and fell. Photos indicated that although West Maintenance plowed the snow the night before, on the day of the incident the parking lot had snow and mounds of snow existed along the edges of the parking lot. The photos also depicted snow gathered along the side of the walkway near where plaintiff slipped and fell. Plaintiff also testified that he saw snow in the parking lot. Further, although Dr. Wong testified that the weather was not particularly cold when the accident occurred, the weather report indicates that the temperature never got above freezing on the day of the accident, ranging between 14 and 25 degrees. The incident occurred in December, and plaintiff lived in Michigan year round for his entire life.

The trial court erred by denying defendants' motion for summary disposition because the evidence established that indicia of potentially hazardous conditions existed which rendered the alleged black ice open and obvious—particularly, the presence of snow in and around the parking area, as well as in, around and directly adjacent to the area plaintiff walked, in conjunction with the weather conditions present at the time of the fall. We conclude that, viewing the evidence in the light most favorable to plaintiff, a material question of fact does not exist regarding whether there were indicia of a potentially hazardous condition. Further, the record does not establish that special aspects existed making the open and obvious risk unreasonably dangerous or that the condition was effectively unavoidable. Therefore, because the condition was open and obvious, plaintiff could not establish that defendants owed him a duty under the circumstances presented in this case and defendants were entitled to summary disposition as a matter of law. *Jason*, 486 Mich at 935.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel
/s/ James Robert Redford