*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RODICA MARCU,

      Plaintiff-Appellee,

v

MEIJER, INC.,

      Defendant-Appellant.

UNPUBLISHED
September 22, 2022

No. 359061
Wayne Circuit Court
LC No. 20-002877-NO

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

MARKEY, J. (*dissenting*).

I would reverse the trial court's order denying defendant's motion for summary disposition and remand the case for entry of an order summarily dismissing plaintiff's complaint. Accordingly, I dissent.

"In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). In this case, we have the unusual unequivocal evidence provided by a video recording of the entire scenario that underlies plaintiff's cause of action. After watching it and applying the applicable law to the facts, I simply cannot conclude that any reasonable juror would find that the restroom door constituted a "dangerous" condition that posed an "unreasonable risk of harm" to customers walking by the door, even considering the presence of the trashcan and the dimensions of the hallway.[1] I agree with the following sentiments expressed by this Court in *Prebenda v Tartaglia*, 245 Mich App 168, 170; 627 NW2d 610 (2001):

> Considering the evidence in a light most favorable to plaintiff, we conclude
> that no reasonable juror could have found that a dangerous condition on the land

---

[1] "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

was involved here. To put it plainly, the decedent did not encounter a dangerous condition at the time of the accident; she encountered a commonplace and ordinary door. Plaintiff argues that the door was dangerously faulty because it had no window allowing people on each side to see one another. We conclude that no reasonable juror could accept that argument in light of the fact that most doors simply do not have such windows. It seems that people generally approach doors cautiously, knowing that someone might be coming from the other direction. In any event, plaintiff was appropriately prevented from proceeding to trial on a theory that is so convincingly belied by everyday experience. [Citation omitted.]

Even though the instant case involved a patron walking past a door and not through a door, the matter still entailed "a commonplace and ordinary door" and an "everyday experience." Here, it is important to note that plaintiff was able to easily and safely navigate the hallway without any difficulty when heading to the women's restroom even though the trashcan was present and the men's restroom door was open. This is what leads me to the primary reason for my dissent.

In *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992), our Supreme Court explained:

> A negligence action may only be maintained if a legal duty exists which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm. If the plaintiff is a business invitee, the premises owner has a duty to exercise due care to protect the invitee from dangerous conditions. However, *where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them*, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee. [Citations omitted; emphasis added.]

Therefore, a duty to protect or warn generally does not exist (1) when an invitee knows of a dangerous condition or (2) when a dangerous condition is open and obvious. In this case, plaintiff walked down the hallway and past the trashcan and past an open men's restroom door that extended out into the hallway while being utilized by a male customer. Assuming for the sake of argument that the door, the trashcan, and the width of the hallway, when viewed in combination, constituted a dangerous condition of the property, we may not properly ignore the fact that plaintiff encountered the dangerous condition and *knew* of each and every element comprising that condition, i.e., the opened restroom door, the narrow hallway, and the trashcan across from the restroom door. Consequently, there is no genuine issue of material fact that plaintiff safely confronted these visible circumstances on making her way to the women's restroom. She did not encounter the dangerous condition a year before, months before, weeks before, or even hours before she was struck by the door. Rather, she encountered and became aware or had knowledge of the dangerous condition *minutes* before she was allegedly injured. Accordingly, defendant had

no duty to warn her of the purported dangerous condition.[2]  And, therefore, plaintiff's premises liability action fails as a matter of law, and I dissent.

/s/ Jane E. Markey



---

[2] Furthermore, there were no special aspects of the condition; it was not effectively unavoidable, nor did it present a uniquely high likelihood or severity of harm.  See *Lugo*, 464 Mich at 518-519.