*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA BITKOWSKI,

Plaintiff-Appellant,

V

ANDIAMO WEST, INC., doing business as JOE VICARI'S ANDIAMO ITALIAN STEAKHOUSE,

Defendant-Appellee.

UNPUBLISHED
February 13, 2026
9:09 AM

No. 373889
Oakland Circuit Court
LC No. 2023-202057-NO

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

Plaintiff, Angela Bitkowski, appeals as of right an order granting summary disposition to defendant, Andiamo West, Inc., under MCR 2.116(C)(10). We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

Bitkowski slipped and fell while on her way to the restroom at Andiamo West's restaurant in Bloomfield Hills. As a result of her fall, she sustained multiple injuries. Bitkowski filed a premise liability claim against Andiamo West, alleging that she was a business invitee when she fell as a result of a puddle of water on the restaurant's floor. She asserted that Andiamo West's failure to warn her of the danger rendered it liable for her injuries.

Following discovery, Andiamo West moved for summary disposition, alleging that Bitkowski had presented insufficient evidence to prove that a dangerous condition existed on the premises and that defendant had actual or constructive notice of that dangerous condition. In her response, Bitkowski maintained that there was a question of fact as to whether Andiamo West had constructive notice of the alleged hazard. Following oral argument on the motion, the court determined that Bitkowski had failed to present sufficient evidence demonstrating a genuine issue of material fact as to whether Andiamo West had actual or constructive notice of the water on the floor. Accordingly, it granted Andiamo West's motion. This appeal follows.

-1-

## II. FAILURE TO CONSIDER A LATE-FILED AFFIDAVIT

### A. STANDARD OF REVIEW

Bitkowski argues that the trial court abused its discretion by not considering an affidavit from her sister, Sheri Sundberg. Bitkowski submitted the affidavit weeks after she filed her response to the motion for summary disposition, Andiamo West moved to strike it as untimely, the court held that it would not consider it. Bitkowski maintains that by failing to consider Sunberg's affidavit, the trial court did not properly view all evidence in the light most favorable to the nonmoving party. "Appellate courts review decisions regarding failure to comply with procedural deadlines for an abuse of discretion." *Kurtz v Faygo Beverages, Inc*, 466 Mich 186, 192; 644 NW2d 710 (2002). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Danhoff v Fahim*, 513 Mich 427, 442; 15 NW3d 262 (2024).

### B. ANALYSIS

After the commencement of an action, a trial court may direct that attorneys for the parties appear for a scheduling conference. MCR 2.401(B)(1). At this conference, a trial court may issue a scheduling order which decides the timeline for various events in the proceedings to follow, including the completion of discovery and the exchange of witness lists. MCR 2.401(B)(2)(a)(*v*); MCR 2.401(b)(2)(a)(*vi*). The standard deadline for filing an affidavit in support of a nonmovant's response to a motion for summary disposition is at least seven days before the motion hearing. MCR 2.116(G)(1)(a)(*ii*). No further briefs or affidavits may be filed absent leave of the court. MCR 2.116(G)(1)(a)(*iv*). The court may set a different timeline for doing so, but the authorization of this new timeline must be "endorsed in writing on the face of the notice of hearing or made by separate order." MCR 2.116(G)(1)(b).

Bitkowski's submission of Sundberg's affidavit was an attempt to supplement her response to the summary disposition motion. As a result, the standard seven-day timeline for submission of such documents applied. Although Bitkowski filed the affidavit nine days before the hearing on the motion for summary disposition, the affidavit was not the first document that she filed in response to that motion. Indeed, Bitkowski had already filed her response brief three weeks before she filed the affidavit. According to MCR 2.116(G)(1)(a)(iv), she needed leave of the court to submit supplemental materials. Bitkowski did not request permission, nor did the court order an alternate timeline for submission of affidavits in support of or opposition to the motion for summary disposition. As such, the affidavit was untimely filed.

"A court has discretion to consider untimely documents." *Flanagin v Kalkaska Co Rd Comm*, 319 Mich App 633, 640; 904 NW2d 427 (2017). However, in this case, the court did not elect to do so. Bitkowski maintains that the court merely stated that it had the affidavit, but was not considering it. However, given that it was clearly untimely filed and given that there was a request to strike it on that basis, we conclude that the court's decision to exclude it was not outside the range of reasonable and principled outcomes.

## III. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Bitkowski next argues that the trial court erred by granting Andiamo West summary disposition. We review de novo a court's grant of summary disposition. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023). For motions for summary disposition brought under MCR 2.116(C)(10), the evidence properly submitted by the parties is considered in the light most favorable to the nonmovant. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007). "A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue on which reasonable minds could differ." *Ernsting v Ave Maria College*, 274 Mich App 506, 510; 736 NW2d 574 (2007).

### B. ANALYSIS

Negligence requires a showing by the plaintiff that (1) the defendant had a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach caused that injury, and (4) the plaintiff suffered damages. *Finazzo v Fire Equip Co*, 323 Mich App 620, 635; 918 NW2d 200 (2018). The element of breach is met if the premises owner "knows or should have known of a dangerous condition and fails to protect invitees via repair, warning, or other appropriate mitigation of the danger under the given circumstances." *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 563; 984 NW2d 511 (2021). Accordingly, the plaintiff must prove that a defendant had actual or constructive notice of the relevant dangerous condition to properly establish a premises liability claim. *Id*.

An action for premises liability arises when a landowner fails in its duty of care to make the premises safe for invitees. *James v Alberts*, 464 Mich 12, 19-20; 626 NW2d 158 (2001). The duty to make a premises safe requires the owner or possessor of the land to "inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Id*. (quotation marks and citation omitted). In an action for premises liability, a landowner is subject to liability for harm to invitees when all of the following are true:

> the possessor (a) knows, or by the exercise of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. [*Prebenda v Tartaglia*, 245 Mich App 168, 169; 627 NW2d 610 (2001).]

"[T]he possessor of land can only be liable for injuries to an invitee resulting from some dangerous condition on the land. If no reasonable factfinder could conclude that such a dangerous condition existed, summary disposition is warranted without further review." *Id*. at 170. Along with providing evidence that a dangerous condition existed, the plaintiff also has the burden of proving

whether defendant had either actual or constructive notice of the alleged condition. *Kandil-Elsayed*, 512 Mich at 144. "Constructive notice is present when the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Albitus*, 339 Mich App at 563 (quotation marks and citation omitted).

Here, Bitkowski was an invitee, so Andiamo West had a duty to keep the premises safe. However, in response to Andiamo West's motion for summary disposition, Bitkowski failed to provide sufficient evidence to establish a fact question regarding constructive notice. Apart from Sundberg's affidavit, which was properly excluded, Bitkowski contends a question of fact existed on the basis of her own testimony regarding the puddle of water; her husband's observations; and the comments of Andiamo West's manager, as relayed to her by her husband. But Bitkowski testified that she saw the puddle only after she slipped and that others saw or commented on the puddle while rendering aid. That a puddle may have existed when she fell does not demonstrate the duration of the hazard or that the nature of the puddle was such that Andiamo West should have been aware of it.

Further, Bitkowski's reliance on her husband's observations and statements made to him is misplaced because the only evidence of what her husband claimed to have seen and heard was Bitkowski's own testimony. Only substantively admissible testimony can be considered in assessing a motion for summary disposition. *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 507; 991 NW2d 230 (2022). "Hearsay is not admissible unless these rules provide otherwise." MRE 802. MRE 801(c) defines hearsay as a statement that

> (1) the declarant does not make while testifying at the current trial or hearing; and

> (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Bitkowski's testimony regarding her husband's statements and observations, as well as the statements he heard from the manager, described out-of-court statements Bitkowski's husband made to her. The statements were offered to prove that the observations of Bitkowski's husband and his recollection of the manager's comments were true. Thus, Bitkowski's testimony on this subject constituted inadmissible hearsay, which could not be considered for purposes of summary disposition, *Anderson*, 341 Mich App at 507. "Inadmissible hearsay does not create a genuine issue of fact." *McCallum v Dep't of Corrections*, 197 Mich App 589, 603; 496 NW2d 361 (1992).

Bitkowski argues that her husband's statements should be considered because only the content or substance of the evidence needs to be admissible for purposes of summary disposition, see MCR 2.116(G)(6), and her husband could testify about his observations and the comments of the manager if called as a witness at trial. Neither of the authorities cited by Bitkowski, however, are factually on point. Rather, each involved consideration of documents that would plausibly fall within a hearsay exception in MRE 803. See *Airgas Specialty Prods v Mich Occupational Safety & Health Admin*, 338 Mich App 482, 511-517; 980 NW2d 530 (2021) (stating that statements in field narrative and inspection report were plausibly admissible under MRE 803(6) and MRE 801(d)(2)); *Barnard Mfg Co, Inc, v Gates Performance Engineering, Inc*, 285 Mich App 362, 372-373; 775 NW2d 618 (2009) (reasoning that invoices were substantively admissible under MRE

803(6) and foundation did not need to be established at summary disposition stage). In contrast, this Court has rejected hearsay offered in relation to a dispositive motion when the declarant of the statements did not testify or proffer an affidavit in support of the hearsay statements. See *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 658 n 8; 899 NW2d 744 (2017).

Moreover, even if Bitkowski's husband's observations and statements were properly before the trial court, the outcome would remain the same. Bitkowski testified that her husband saw the puddle after she fell, that he asked why the "big water spill" was there. She further testified that her husband believed others in the restaurant were able to see the puddle as well. Like Bitkowski's own after-the-fact observations, these facts do nothing to establish that the duration or nature of the puddle were such that Andiamo West should have been aware of its existence.

Likewise, testimony that Andiamo West's manager purportedly said, "[C]all an ambulance, she slipped in the big water puddle," does not establish a genuine issue of material fact. Bitkowski focuses on the manager's purported reference to "*the* big water puddle," claiming the use of a definite article "suggests that the speaker was aware that a puddle of water in the area where [she] fell was not a surprising occurrence." Any emphasis or impact of this word is speculative at best without further testimony. "Speculation and conjecture are insufficient to create an issue of material fact." *Ghaffari v Turner Const Co (On Remand)*, 268 Mich App 460, 464; 708 NW2d 448 (2005).

In sum, even viewed in the light most favorable to Bitkowski, the evidence only establishes that there was a puddle of water present, not that Andiamo West had constructive notice of the dangerous condition that led to her injury. The trial court did not err by granting Andiamo West's motion for summary disposition on this basis.

Next, Bitkowski alleges that Andiamo West failed in its duty to inspect the premises for hazards. When moving for summary disposition, Andiamo West was not required to go beyond showing an insufficiency of plaintiff's evidence, and therefore it did not need to offer evidence of a routine or reasonable inspection. See *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 9-10; 890 NW2d 344 (2016). The absence of evidence of inspection is insufficient to create an issue of fact regarding constructive notice. See *id*. at 10-11 (clarifying that the defendant does not have to present evidence of a routine or reasonable inspection and, instead, the plaintiff bears the burden of demonstrating actual notice or constructive notice arising from the hazardous condition's character or duration).

Affirmed. Andiamo West may tax costs as the prevailing party. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young