*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RODICA MARCU,

        Plaintiff-Appellee,

v

MEIJER, INC.,

        Defendant-Appellant.

UNPUBLISHED
September 22, 2022

No. 359061
Wayne Circuit Court
LC No. 20-002877-NO

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

Commercial premises are required to protect their visitors from known dangers that are not objectively obvious on casual inspection. The Meijer store involved here situated its restrooms down a narrow hallway, and designed the restroom doors to swing outward into the hallway. Meijer further constricted the customer's walking path to the restrooms by placing a large trashcan just outside the men's' room door. Meijer knew that its customers could be struck by opening doors; a sign warned men to open their restroom door "slowly."

Rodica Marcu was injured when a door opened and struck her as she traversed the hallway. The evidence presents triable questions of fact regarding Meijer's negligence and whether the danger was open and obvious. Accordingly, the circuit court properly denied Meijer's motion for summary disposition and we affirm.

## I. BACKGROUND

On July 6, 2018, Rodica Marcu visited a Meijer store in the city of Detroit. After shopping, Marcu decided to use the restroom. The restrooms are located down a hallway at the front of the store. That hallway is 7 feet, 2¼ inches wide and 16 feet, 2¼ inches long. The women's restroom is at the end of the hallway and the men's room is in the center. The doors to these restrooms open outward and are three-feet wide. There is a handle on the outside of the doors that people use to pull them open. On the day in question, a trashcan was positioned immediately across from the men's room door. Its base was 1 foot, 5⅜ wide. The can sat slightly away from the wall.

Marcu easily traversed the hallway toward the women's restroom. She followed directly behind a man who entered the men's room in front of her. Marcu negotiated between the man, the doorway, and the trashcan to reach her destination. By the time of her deposition 16 months later, Marcu did not remember walking behind the man. On her way back down the hallway, Marcu stayed close to the right-hand side of the hallway, the same side as the men's restroom. Just as she reached the door, a man opened it from inside. The door struck Marcu. Meijer staff had taped a white paper sign on the inside of the men's room door, stating "OPEN DOOR SLOWLY." The following still frame shows the condition of the hallway and operation of the men's room door:



Marcu asserted that when she was hit by the door, she was "looking ahead on [her] way" out of the hallway and "the rest room [] door hit [her] out of nowhere." She described the hallway as "very tight." A Meijer manager, Joshua Grisham, agreed that the placement of the trashcan across from the outward-opening door narrowed the hallway and that two people could not walk side by side if the bathroom door was opened all the way.

Marcu suffered injuries during this collision. She filed suit, raising a single count of negligence. Marcu alleged that the hallway and men's restroom door were negligently designed and maintained. Specifically, Marcu asserted that Meijer "fail[ed] to design, install and maintain" the restroom door "with enough distance to ensure the patrons' safety from being struck by the" door, "plac[ed] obstacles in the corridor ensuring patrons passing the men's door must walk in close proximity to it," and "fail[ed] to utilize an inward-swinging door given the narrow walking corridor." Marcu also noted the absence of warning signs in the hallway to alert customers to the outward-opening door.

During discovery, Meijer deposed Marcu and produced surveillance footage from the hallway in question. Marcu presented a report authored by an architect (Albert J. Kerelis, Jr.) regarding the design of the hallway and the doorway. Kerelis opined that when the door was fully open and the trashcan was placed as on the day of this incident, the walking path was narrowed to less than 18 inches, making it foreseeable that a passerby would be struck by the door. Marcu also deposed Grisham and another Meijer employee.

Meijer sought summary disposition under MCR 2.116(C)(10), contending that this negligence action sounded in premises liability. Meijer argued that "ordinary doors are open and obvious" and that Marcu had failed to create a genuine issue of material fact that this particular door amounted to a danger that was not open and obvious. Meijer further urged that Kerelis's report was inadmissible under MRE 702 because an expert's opinion was not needed to assist the

factfinder in determining whether the condition was open and obvious; the factfinder need only look to the surveillance footage.

Marcu responded that Kerilis's report would assist the factfinder and therefore was admissible. Specifically, the report provided measurements that put the video in context and that without those measurements, the video was "deceptively misleading." Kerelis did not reach the ultimate conclusion whether the door was an open and obvious danger, but gave the factfinder the means to make that determination. The danger in this case was not open and obvious, Marcu insisted, because no reasonable person would "anticipate such a strange design"—a hallway narrowed to 18 inches by the placement of a trashcan across from an outward-opening door.

Marcu contended that even if the door was an open and obvious danger, it was unreasonably so or was effectively unavoidable. Specifically, Marcu asserted that as she alleged a defect in the design of the hallway and bathroom doors, a product liability design defect analysis should be employed. She looked to *Bertrand v Alan Ford Inc*, 449 Mich 606, 622-624; 537 NW2d 185 (1995), in which the strange configuration of an outwardly swinging door, narrow raised walkway, and vending machine along the only path to the cashier's window created an unreasonably dangerous and unavoidable situation despite being open and obvious. Marcu contended that the door itself was not a special aspect, but in combination with the width of the hallway and the placement of the trashcan, an unreasonably dangerous condition was created that was effectively unavoidable.

Meijer retorted that the surveillance footage standing alone demonstrated the open and obvious nature of this condition. The video also showed that Marcu and others safely navigated the hallway with no issue. Marcu did not establish that Kerelis had some specialized knowledge beyond a reasonable factfinder using common knowledge. Ultimately, whether the condition was open and obvious was a question of law that an expert could provide no insight into.

Meijer attached to its reply still shots of other customers navigating the hallway outside the men's restroom. Those photographs actually demonstrate that the hallway was very narrow and that these individuals could easily have been injured if someone inside the restroom suddenly opened the door.[1]

The circuit court considered the motion without a hearing and denied Meijer's motion. The court rejected Meijer's challenge to the admissibility of Kerelis's architectural report, noting "there

---

[1]



-3-

is no plausible argument that he is unqualified or lacks a foundation to proffer an expert opinion regarding the hallway's design." The court further reasoned that the surveillance footage was insufficient standing alone to inform the trier of fact as the footage did "not have measurable distances." The court continued, "While a jury will determine whether something was 'open and obvious', when that determination necessarily turns on architectural and design specifications, an expert is required to frame the determination." And proving the dangerous nature of a condition is not rendered irrelevant simply because the defendant claims the danger was open and obvious.

In rejecting Meijer's claim that the open and obvious doctrine demanded summary disposition in this case, the court did use parts of Marcu's summary disposition responsive brief (a point with which Meijer takes issue), stating:

> Here, [Meijer's] placement of the door, specifically directly across from a trashcan, opening outward in a narrow hallway is not "open and obvious." In fact, it is the exact opposite of "open and obvious" as no person, let alone a reasonable one, would anticipate such a strange design. When traversing through an already narrow hallway, there is no reason to believe doors would pose an obstacle. . . .

> While doors can open outward, and it might be reasonable under certain circumstances to assume they do open outwards—what would be sufficient for [Meijer's] argument here—the context in this case completely rebuts any such inference. Given the fact that the already narrow hallway was made narrower by the placement of the trashcan, no reasonable person would think that Meijer would undertake such acts while having its bathroom door open into the same hallway. As such, the door opening into the hallway was not "open and obvious.["]

This Court granted Meijer's interlocutory application for leave to appeal the denial of its motion for summary disposition. *Marcu v Meijer, Inc*, unpublished order of the Court of Appeals, entered January 31, 2022 (Docket No. 359061).

## II. ANALYSIS

We review de novo a lower court's resolution of a summary disposition motion. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). "A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim" and should be granted when after reviewing "the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party," there remains "no genuine issue regarding any material fact" that could be sent to trial "and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citations omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. at 139-140 (quotation marks and citation omitted). "The court is not permitted to assess credibility, or to determine facts" in analyzing whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994).

In a premises liability case, "a plaintiff must prove the traditional elements of negligence: (1) that defendant owed the plaintiff a duty, (2) that defendant breached that duty, (3) that the

breach was a proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). Meijer owed Marcu a duty as its business invitee "to exercise reasonable care to protect [her] from an unreasonable risk of harm caused by a dangerous condition on the land." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006).

First and foremost, the parties disagree whether the outward-opening door in this hallway amounted to a dangerous condition. "If a condition is not dangerous, it is senseless to consider" the issue further. *Prebenda v Tartaglia*, 245 Mich App 168, 170; 627 NW2d 610 (2001). Marcu created a genuine issue of material fact on this issue, and Meijer's evidence actually bolsters that this condition was dangerous. Meijer relies on *Prebenda*, 245 Mich App at 170, for the proposition that "a commonplace and ordinary door" is not a dangerous condition. In *Prebenda*, the plaintiff was struck by a door when someone on the other side opened it. The plaintiff contended that the door was dangerous "because it had no window allowing people on each side to see one another." *Id*. This Court rejected this argument, noting that most doors do not have windows and that "people generally approach doors cautiously knowing that someone might be coming from the other direction." *Id*.

However, this case is more akin to *Bertrand*, 449 Mich 606. In *Bertrand*, the plaintiff was not injured simply by a door, but because of the architectural design of the entrance into a car dealership's service bay area and placement of an obstacle. As described by the Supreme Court:

> As she was exiting the door, other people were entering. The plaintiff walked through the door and was facing backward as she held the door open for the others to enter. The door opened out onto a sidewalk that was the width of the door. The sidewalk was an elevated walkway that ran along the side of the service area. On the left were vending machines. The cashier's window was on the right. The door was hinged on the right and opened out. Pictures of the area reveal that a person leaving the lounge area would have to walk through the narrow passage between the open door and the vending machines, step down off the sidewalk, walk around the door, and then step back up onto the sidewalk to reach the cashier's window. [*Id*. at 622.]

The Court accepted that this condition was dangerous and proceeded to consider whether it was open and obvious. Just as in *Bertrand*, Marcu does not allege that she was injured simply because of a door. As in *Bertrand*, the placement of an obstacle, here a large trashcan directly across from an outward-opening door, in an already narrow passage can be deemed a dangerous condition.

That the arrangement of this area was dangerous is supported by the architectural report presented by Marcu. Meijer challenged the admissibility of this report. In relation to a motion for summary disposition, the parties must present "substantively admissible" evidence for the court's review, but that evidence need not "be in an admissible form." *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). The party presenting the evidence is not required to lay the foundation for its admissibility "as long as there was a plausible basis for the admission of the" evidence. *Id*. The report in this case gives the surveillance footage context by describing the actual dimensions of the hallway. And contrary to

Meijer's insistence, whether this condition was open and obvious is not the only issue in this case. Accordingly, there was a plausible basis for its admission.

The architectural report details that when the bathroom door is open all the way and the trashcan is positioned as it was on the day in question, there remains less than 18 inches of walking space. The still frames from the surveillance footage presented by Meijer itself provide a vivid image of this danger. When persons with shopping carts or cleaning caddies are present in the hallway, there is no room to negotiate. This would be true as well for individuals in wheelchairs or personal mobility scooters, or pushing strollers. When the hallway in blocked by traffic in this manner, the persons involved would have no room to escape the door when it opened next to them.

Marcu also created a genuine issue of material fact that Meijer breached its duty " 'to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land' that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand*, 449 Mich at 609, quoting *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988). Meijer clearly understood that persons could be injured when someone inside the men's room opened the door out into the hallway; it placed a sign on the *inside* of the door instructing users to open the door slowly. Meijer was on notice. However, Meijer placed no warning in the hallway to put passers-by on notice to protect themselves. Further, despite knowing that individuals walking down the hallway could be injured by the outward-opening door, a Meijer agent placed a large trashcan immediately across the hall from the door, narrowing the walking space to less than 18 inches. This created a factual question that Meijer breached its duty of care and was negligent.

No one challenges the causation element of this negligence action and we need not consider it here. But a landowner is not liable for an invitee's injury if the *danger* is so open and obvious "that an invitee may be expected to discover [it] himself." *Williams*, 429 Mich at 500. The various elements at play in this case may have been noticeable on their own, but there remains a factual question whether the danger posed by the interconnected elements was objectively observable upon casual inspection. *Bertrand*, 449 Mich at 623-624, illustrates this point. The plaintiff in *Bertrand* could observe the elements before her—the outward-swinging door, the narrow elevated walkway, the placement of the cashier's window, and the vending machines—but it was questionable whether the danger posed by these interconnected elements was obvious upon casual inspection.

Moreover, even if the danger was open and obvious, *Bertrand*, 449 Mich at 624, instructs that whether the danger was unreasonable also remains a question of fact. Marcu created a genuine issue of material fact that the condition of this hallway was unreasonably dangerous. As in *Bertrand*, the landowner was aware of the condition its design created; Meijer anticipated harm and placed a warning sign inside the men's room door. The plaintiff in *Bertrand* noted that if the vending machine had not been placed so close to the left-hand side of the door, she could have stepped there. Her only other option was to take the step down. As her back was facing the step, she fell and broke her femur. *Id*. at 622-623. Plaintiff in this case similarly had limited options to avoid her injury. Marcu could not predict when the men's restroom door might swing out into the hallway. Although Marcu could have stayed to the left side of the hallway, there was a trashcan in her way and a narrowed walking path. Accordingly, even if she stayed to the left, Marcu did not necessarily have safe passage.

Ultimately, viewing the evidence presented in the light most favorable to Marcu, there remain factual issues that must be resolved at trial—whether Meijer was negligent, whether the danger was open and obvious upon casual inspection, and if so whether the danger was unreasonable. These questions precluded summary disposition.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Sima G. Patel